## Paul Smith v. Easton Transit Co., Appellant.

167     209
19 SC 365

*Negligence — Contributory negligence — Street railways — Passenger alighting from car.*

In an action by a passenger against a street railway company to recover damages for personal injuries, the question of defendant's negligence and plaintiff's contributory negligence is for the jury, where the testimony on behalf of the plaintiff, though contradicted, shows that the car in which plaintiff was riding stopped at a point where passengers were transferred to another line which plaintiff wished to take, and that, gathering up some tools which he had with him, he started to leave the car; that he had reached the footboard of the car and was about to step off when the car started; that he said to the conductor, "I am not going out this street," and that the conductor then rang the bell to stop the car, when the plaintiff by a jolt or jerk was thrown off the car and injured.

Argued March 11, 1895. Appeal, No. 198, July T., 1894, by defendant, from judgment of C. P. Northampton Co., Feb. T., 1894, No. 14, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries before REEDER, J.

At the trial, it appeared that plaintiff boarded one of defendant's cars in South Easton, desiring to go out Northampton street in Easton. At the point where he got on the car, two lines were running, one going out Walnut street and one going out Northampton street. If a passenger took a Walnut street car, he was transferred without extra charge at Sixth street to a Northampton street car. Plaintiff alleged that when he got on the car, he told the conductor that he wanted to go out Northampton street, and that the conductor did not tell him that he was on the Walnut street car. He also alleged that

when the car arrived at the intersection of the lines, the conductor did not announce that passengers going out Northampton street should change cars. The car upon which plaintiff was riding was a summer car. Plaintiff took a seat running lengthwise with the car, at the end near the conductor, who stood in an open space between two seats. According to the plaintiff's testimony, when the car arrived at Sixth and Northampton streets it stopped and several people got off. A fellow workman of plaintiff got off, and plaintiff placed upon his shoulder some bundles and tools which they had with them, and he then picked up his own tools, together with a bag which he had at first put upon the shoulder of his companion and which the latter had declined to take and which the witness then placed among his own tools, put them under his arm and started to leave the car. While he was upon the footboard of the car, and in the act of leaving the car it started, and he said to the conductor, "I am not going out Walnut street." The conductor then rang the bell to stop the car, and plaintiff by a jolt or jerk was thrown off the car.

Testimony on behalf of the defendant tended to show that plaintiff stepped off the car while it was in motion.

Defendant's point, among others, was as follows:

"5. That under the law and the evidence, the verdict must be for the defendant. *Answer:* That point I cannot affirm but submit the question, gentlemen of the jury, to you for your determination."

Verdict and judgment for plaintiff for $766. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*R. C. Stewart, H. J. Steele* with him, for appellant.—The burden of proof is upon the plaintiff to establish the negligence of the defendant, causing the injury, either directly or by circumstances attending the injury, from which it can be fairly and reasonably inferred that it was caused in some way by the means of transportation: Herstine v. B. V. R. R., 151 Pa. 244; Thomas v. R. R., 148 Pa. 180; Farley v. Traction Co., 132 Pa. 58; Pitcher v. Peoples St. Ry., 154 Pa. 560; Stager v. Ridge, Ave. R. R., 119 Pa. 70; Reddington v. Phila. Traction Co.,

132 Pa. 154; Picard v. Ridge Ave. Pass. R. R., 147 Pa. 195; Booth on Street Ry., sec. 350; Hayes v. 42 St. & Grand St. Ferry R. R., 97 N. Y. 259; Linch v. Traction Co., 153 Pa. 102; Walters v. Traction Co., 161 Pa. 36; Booth on Street Railways, sec. 341; Aiken v. Frankfort R. R., 142 Pa. 47; Butler v. R. R., 126 Pa. 160; Barnes v. Sowden, 119 Pa. 60.

*James W. Fox*, for appellee.—Where the testimony is conflicting, the question is for the jury: Booth on Street Railways, sec. 349; Chicago W. D. Ry. v. Mills, 11 Am. & Eng. R. R. 128; Highland Ave. R. R. v. Burt, 13 L. R. A. 95; W. & G. Street R. R. v. Harmon's Admrs., 147 U. S. 571; Mulhalo v. B. C. R. R., 30 N. Y. 370; Leggett v. R. R., 143 Pa. 39; Penna. R. R. v. Peters, 116 Pa. 206; Pass. Ry. v. Stutler, 54 Pa. 375; Pitcher v. People's St. Ry., 154 Pa. 560; Stager v. Ridge Ave. Pass. R. R., 119 Pa. 70; Reddington v. Phila. Traction Co., 132 Pa. 154; Hayes v. R. R., 97 N. Y. 259.

What is a reasonable time under the circumstances is a question for the jury: Penna. R. R. v. Lyons, 129 Pa. 113; Leggett v. R. R., 143 Pa. 39; Walters v. Traction Co., 161 Pa. 36.

PER CURIAM, April 1, 1895:

In any view that can be taken of the testimony in this case, it involved questions of fact which were exclusively for the consideration of the jury, and they were accordingly submitted to them in a clear, impartial and adequate charge of which the defendant has no just reason to complain. The only complaint now made is the refusal of the learned trial judge to withdraw the case from the jury by instructing them, in the language of the point submitted: "That under the law and the evidence, the verdict must be for the defendant." To have done this, would have been plain error.

Judgment affirmed.