# Phillip Kelly v. Pittsburg and Birmingham Traction Company, Appellant.

*Railway—Negligence of motorman—Frightened horse—Question for jury.*
A driver of an uneasy and frightened horse having signaled the motorman of his danger, the question whether the railway company was guilty of negligence for an accident accruing from neglect of motorman to observe the signal and the fright of the horse, is for the jury under proper instructions from the court.

Argued April 24, 1899.    Appeal, No. 112, April T., 1899, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1897, No. 289, on verdict for plaintiff.    Before RICE, P. J., ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.    Affirmed.    Opinion by ORLADY, J.

Trespass.    Before WHITE, P. J.

It appears from the evidence that the plaintiff was driving a one horse wagon on the south side of Carson street; the shaft struck a car of the defendant company, broke, and he was thrown out of the wagon.    There was evidence tending to show that plaintiff's horse was restless, that he was standing up, trying to guide the animal and control it; that at a distance of about forty feet before he met the car, it was prancing, or at least manifesting a restless spirit, and that he signaled the motorman.    The motorman testified that he saw plaintiff in the way, about ten feet ahead of him and did not see him before that.

The court charged the jury, inter alia, as follows:

Now, was the motorman guilty of any negligence? If he had seen the horse coming along on the track, without any indication of anything wrong, moving along quietly, he would not be bound to anticipate that there would be any accident, and yet he must keep a lookout, so that if there should be a sudden emergency he could control his car, slow it up or stop it, if necessary. If the plaintiff's horse was restive, prancing, and indicating that the driver had not control of him when forty feet or so in front of the street car, and if the motorman was looking and saw that, and did not do anything in the way of checking his car, or preparing to meet any sudden emergency, it is for the jury to say whether that was not carelessness or negligence on his part,—negligence, not to look and to see, until he got right into collision with the horse.

Verdict and judgment for plaintiff for $150. Defendant appealed.

*Error assigned* was in not directing a verdict in favor of defendant.

*A. W. Duff*, with him *John S. Robb*, for appellant.—As the right of the defendant company to run its cars on its tracks is fully equal to the right of the plaintiff to ride in a wagon on the street, the mere fact that the horse took fright at the sight of the car confers no right of action whatever against the defendant: Yingst v. Lebanon & Annville St. Ry., 167 Pa. 438.

There was no allegation nor evidence that the defendant's car was running at an unusual rate of speed, the strongest evidence was that it was running "pretty fast."

It would seem harsh to hold that the motorman should have seen plaintiff's alleged signal, if the three witnesses who were approaching him and saw him from the time he entered Carson street from even more favorable positions than that of the motorman failed to see it. We believe the verdict was unjust and the judgment should be reversed.

*W. J. Brennen*, for appellee.—The failure of the motorman to regard the signal of the driver that his horse was unmanageable, was part of plaintiff's evidence, showing the negligence

or want of care of the motorman in the operation of the car coming down a grade, that he did not see or regard the danger signal of the plaintiff; in other words, it was evidence going to show that the motorman was not giving his attention to his business, and brought this case within the rule as held by the Supreme Court in the West Philadelphia Passenger Railway Co. v. Mulhair, 6 W. N. C. 508, that the case should go to the jury; and subsequently affirmed and quoted approvingly in Citizens' Passenger Railway Company of Pittsburg v. Foxley, 107 Pa. 537, in Johnson v. Reading City Passenger Railway, 160 Pa. 647, and in Reilley v. The Philadelphia Traction Company, 176 Pa. 335.

OPINION BY ORLADY, J., July 28, 1899 :

Under the evidence in this case it was clearly for the jury to decide whether the motorman was negligent in not having his car under better control at the time of the accident. The plaintiff testified that owing to the uneasiness and fright of his horse he signaled to the motorman that he was in danger, and that the warning was not heeded. The court below left the whole question to the jury with proper instructions and defined the duty of each involved in the accident, by saying: " If he had seen the horse coming along on the track, without any indication of anything wrong, moving along quietly, he would not be bound to anticipate that there would be an accident, and yet he must keep a lookout, so that if there should be a sudden emergency he could control his car, slow it up or stop it if necessary. If the plaintiff's horse was restive, prancing, and indicating that the driver had not control of him when forty feet or more in front of the street car, and if the motorman was looking and saw that, and did not do anything in the way of checking his car, or preparing to meet any sudden danger, it is for the jury to say whether that was not carelessness or negligence on his part—negligence, not to look and see, until he got right into collision with the horses." The instruction was as favorable to the defendant under the facts suggested by the court as it was entitled to expect.

The defendant did not ask for binding instructions, and there was ample evidence to warrant the verdict.

The judgment is affirmed.