## Charles Mitchell *v.* Electric Traction Company, Appellant.

*Street railways—Duty of passenger alighting from trolley car—Negligence and contributory negligence—Question for jury.*

There was evidence which, although contradicted, tended to show that a passenger on a trolley car after giving notice of an intention to alight, passed out on the platform after the conductor had pulled the bell, placed one foot on the lower step, the car then going very slowly, when there was a sudden jerk caused by increased speed of the car, and he was thrown off and injured.  *Held*, that the case was properly left to the jury to determine the questions of negligence and contributory negligence.

Argued Dec. 13, 1899.   Appeal, No. 134, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1896, No. 1130, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by W. W. PORTER, J.   BEAVER, J., and W. D. PORTER, J., dissent.

Trespass.   Before. BEITLER, J.

Plaintiff's evidence tended to show that he was a passenger on a south bound Tenth street car; that when the car was approaching Ludlow street plaintiff arose from his seat inside the car, walked to the rear platform, notified the conductor of his desire to alight; that the conductor pulled the bell; before the plaintiff reached the step the car slowed up perceptibly; plaintiff holding on to the side rail was getting ready to alight from the car when it should stop; that there was a sudden violent jerk which threw him from the car; that plaintiff intended to get off, as he frequently did before, at the rear end of the Mutual Life Building, only when the car stopped. The physical injuries were a dislocated shoulder and an impairment of the right arm, much suffering and nervous prostration. Plaintiff was contradicted by several witnesses for defendant company upon matters essential to his recovery, and the court below submitted the question to the jury, whether the defendant company was negligent, and whether the plaintiff was guilty of contributory negligence.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was refusal of defendant's point, that under all the evidence the verdict should be for defendant.

*Thomas Leaming*, with him *William Henry Lex*, for appellant.—In Jagger v. Railway Co., 180 Pa. 436, it was held: "Whether the attempt to leap from an electric car moving at the rate of from four to five miles an hour is contributory negligence in the passenger, may properly be declared by the court, on a motion, for a compulsory nonsuit."

There is not sufficient evidence of negligence upon the part of the defendant. Although this was the case of an injury suffered by a passenger, yet as there was no accident to the means of transportation, but the injury was individual to the passenger, the burden of proving negligence was not shifted, but rested upon the plaintiff: Farley v. Traction Co., 132 Pa. 58; Herstine v. Lehigh Valley R. R., 151 Pa. 244; Dennis v. Pittsburg, etc., Ry., 165 Pa. 624.

The plaintiff was guilty of contributory negligence, or at least

assumed the risk of his position, and cannot recover : Thayne v. Traction Co., 8 Pa. Superior Ct. 446; 191 Pa. 249; Blue v. Pa. R. R., 1 Monaghan, 757 ; Victor v. Penna. R. Co., 164 Pa. 195 ; Murray v. Railroad Co., 173 Pa. 74.

The judgment in the case of Linch v. Pittsburg Traction Co., 153 Pa. 102, was affirmed in a five line per curiam. It received little consideration and applied to conditions which are now obsolete.

*Henry C. Terry*, for appellee.—It will be seen that the facts in this case are on all fours with the facts in Linch v. Traction Co., 153 Pa. 102.

Another case very similar in its facts is Smith v. Transit Co., 167 Pa. 209.

Where there is a question of defendant's negligence and plaintiff's contributory negligence the question is one for the jury : Sharrer v. Receivers, 171 Pa. 26 ; Linch v. Traction Co., 153 Pa. 102 ; Smith v. Transit Co., 167 Pa. 209.

OPINION BY WILLIAM W. PORTER, J., February 16, 1900 :

The plaintiff was a passenger upon one of the electric cars of the defendant company, in the city of Philadelphia. As the car proceeded down Tenth street, between Market and Chestnut streets, the plaintiff notified the conductor to stop about the middle of the square. The conductor, as the plaintiff says, pulled the bell rope. The speed of the car diminished. The plaintiff prepared to alight. He passed out to the platform and placed one foot upon the lower step. While in this position the speed of the car was suddenly increased. The plaintiff says : " There was a sudden jerk—a violent— quite a violent jerk," and that when this happened " the car was going very slowly. . . . It had not stopped." The plaintiff says that he was thrown from the car and injured. The one error assigned is the refusal of the trial judge to direct a verdict for the defendant company. The epitome of the facts here given is based upon the plaintiff's testimony. He was contradicted by several witnesses for the defendant company upon matters essential to his recovery. The court below submitted to the jury the questions whether the defendant company was negligent, and whether the plaintiff was guilty of contributory negligence.

Viewed from the plaintiff's standpoint this is not the case of a passenger attempting to jump from a moving car, nor is it the case of a passenger who has elected to ride upon the platform with knowledge of vacant seats within the car. Rather does it come within the class of cases in which it has been held to be the duty of the carrier to give the passenger opportunity to alight in safety: Passenger Railway Co. v. Stutler, 54 Pa. 375.

The plaintiff's testimony indicates that he went upon the platform and step after the car had perceptibly decreased its speed, pursuant to his notice to the conductor and subsequent to the conductor's signal to the motorman to stop. He says that he had on former occasions alighted from the cars of the defendant company's line at the point on Tenth street where he expected to alight on the occasion of the accident.

The modern mode of transportation by electricity is more dangerous than the former mode by horse power. Attention has been called to this new condition and the development of the law to meet it in more than one judicial opinion in Pennsylvania. It can be urged persuasively that a passenger should not be permitted to ride for any appreciable time upon the step of an electric car without being held responsible for an injury due to his position. On the other hand, it can be urged with much show of reason that the rapidity of the transportation demanded by the public and furnished by the carrier requires passengers to be prompt and alert in entering and alighting from the car, and that therefore they should not be held culpable for going upon the platform, or even upon the step of the car before it comes to absolute rest.

The briefs of counsel furnish us with no case in Pennsylvania in which the duties of a passenger alighting from an electric car have been specifically defined. We have, however, the case of Linch v. Traction Co., 153 Pa. 162, strikingly similar upon its facts to the one before us, save that there the accident happened to a passenger upon a cable car. It is well known that the cable car was the intermediate step between the horse car and the electric car. In its speed, suddenness of stopping and starting, it resembled the latter rather than the former. In the case cited, as shown by the report of it, the plaintiff's testimony was as follows: "I told the conductor to stop and leave

476    MITCHELL *v.* TRACTION CO.

Opinion of the Court—Dissenting Opinion.    [12 Pa. Superior Ct.

me off at Boston street. He rang the bell and the car slowed up. I got down on the step and got hold of the car handle. The car never stopped, and just as I happened to make a step the car started. I held on a little bit, and I swung round and fell straight up alongside of the car." He says further that the " car slackened up, but it started before I got off, when I was on the way of getting off," and that " it started all of a sudden." The error assigned was the failure to direct a verdict for the defendant. The Supreme Court said, in a per curiam opinion, inter alia, " We do not think it was a case that could have been withdrawn from the jury." This view of the law seems to be made applicable to transportation by electric cars in the case of Smith v. Easton Transit Co., 167 Pa. 209.

On the authority of these decisions we are of opinion that the trial judge was not warranted in taking the case from the jury, and the judgment is therefore affirmed.

BEAVER, J., dissenting:

I would hold as matter of law that a passenger upon an electric street car in motion, who voluntarily put himself in a position of peril by balancing with one foot upon the lower step and the other upon the platform, and maintaining such a position with the expectation that the car will stop short of the usual place of stopping as fixed by the rules of the company, is guilty of contributory negligence, and therefore cannot recover in an action of trespass for injuries sustained by a fall, by reason of an unexpected start of the car from any cause.

I therefore respectfully dissent from the judgment entered in this case.

W. D. PORTER, J., joins in this dissent.