## McKinney v. United Traction Company, Appellant.

*Negligence—Street railways — Fright of horse—Probable cause — Evidence.*

In an action against a street railway company to recover damages for personal injuries sustained in being thrown from a frightened horse, the evidence is insufficient for submission to the jury which is in effect that the plaintiff was riding a young horse bareback upon a wide avenue on which were two street car tracks; that he used a carriage bridle with blinders; that the horse had been ridden past street cars the day before without difficulty; that as plaintiff approached a street crossing on the day of the accident the horse became frightened and plunged upon the tracks; that plaintiff turned the horse off the track, or he went from the track independent of the will of the rider, and a car passed him; that the horse then became unmanageable, ran by the car plunging and leaping around, abreast of and ahead of the car, and when about the middle of the square he suddenly wheeled around, faced the car, reared, then stumbled, and threw the plaintiff over his head on to the roadway in front of the car which was then a short distance off, but stopped before it reached him; that the car was properly operated and under the control of the motorman all the time, that the gong was sounded at the cross street and several times after passing that street; and that the horse was nervous, excited and frightened before the car appeared.

Argued Nov. 14, 1901. Appeal, No. 236, Oct. T., 1901, by defendant, from judgment of C. P. Berks Co., Sept. T., 1899, No. 22, on verdict for plaintiff in case of William H. McKinney v. United Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before ENDLICH, J.

The facts are quoted in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Richmond L. Jones,* for appellant.—There was surely nothing wanton or malicious in the conduct of the motorman, and in the absence of testimony to that effect it is the duty of the court to hold that the defendant is not liable as a matter of law: Steiner v. Phila. Traction Co., 134 Pa. 199.

An electric car may be run fast and is not liable for an injury resulting from the fright of a horse: Yingst v. Lebanon, etc., St. Ry. Co., 167 Pa. 438; Hazel v. People's Pass. Ry. Co., 132 Pa. 96; Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306.

*C. H. Ruhl,* for appellee.—The case was for the jury: Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Gilmore v. Federal Street, etc., Pass. Ry. Co., 153 Pa. 31; Gibbons v. Wilkes-Barre, etc., St. Ry. Co., 155 Pa. 280; Benjamin v. Holyoke St. Ry. Co., 160 Mass. 3.

OPINION BY ORLADY, J., February 14, 1902:

The plaintiff sustained injuries of such a serious character that he could not recall the facts leading up to the accident for which he seeks to hold the defendant responsible. His witnesses, who viewed the occurrence, describe a very unusual and regrettable accident, and the liability of the defendant to pay him damages for injuries resulting therefrom is to be determined by its control over the proximate cause which induced it.

The plaintiff was riding a young horse which he had owned for a few days and had ridden past street cars on the day previous to the accident without any difficulty. He used a carriage bridle with blinders and was riding bareback upon a wide avenue on which were two street car tracks. As he approached Seventeenth street the horse was between the westbound track and the curb when for some reason, not at all clear from the evidence, the horse became frightened and went upon the tracks, moving sideways, rearing and plunging. The plaintiff turned the horse off the track, or he went from the track independent of the will of the rider towards the south side and the car passed by him. At this point, as stated by several witnesses, the horse became unmanageable and ran by the car, tossing his head, rearing backward and forward and sideways, backing and plunging, galloping and leaping around, abreast of and ahead of the car, and when about the middle of the square he suddenly wheeled around, faced the car, reared, then stumbled and threw the plaintiff over his head on to the roadway in front of the car, which was then a short distance off but stopped before it reached him, and when released from the

rider the horse ran away down the avenue. The car was under the control of the motorman all the time and was promptly brought to a standstill when the plaintiff was thrown upon the street. The gong was sounded at Seventeenth street and several times after passing that street. The uncontradicted evidence shows that the horse was nervous, excited, and frightened before the car appeared, and it cannot be more than a guess to hold from this evidence that the movement and management of the defendants' car was the proximate cause of the accident. No witness states that the horse was frightened by the car, and the tractable condition of the horse on the day before would repel that suggestion unless there was proof of something unusual in the operation of the car. It is just as probable that the inefficient bridle and lack of a saddle were inciting causes of the nervous condition. It is but a guess either way, and a substantial verdict must have firmer foundation on which to rest than such a remote inference as may be traceable from harmless causes. The evidence is fatally deficient in its failure to furnish some kind of proof, not conjecture or inference, as to what was the real cause of the horse's fright. But, assume that the horse did take fright at the car, the plaintiff must prove more than this to sustain his verdict. The car was in its proper place, and in determining what is proximate cause the true rule is, that the injury must be the natural and probable consequence of the negligence, such a consequence as under the surrounding circumstances of the case might and ought to have been seen by the wrongdoer as likely to flow from his act. The car had passed the horse while the plaintiff had it under fair control, and from that moment we are helpless in giving any reason for the subsequent conduct of the horse. The company had a right to ring the gong, but was not required to hold its car at a standstill until the horse and rider were off that street. The witnesses vary as to the distance the horse was from the car when he turned toward it and threw the plaintiff, but none place it close, as it approached slowly some distance before it came to where the plaintiff was lying in the street. The plaintiff was not a passenger and is subject to the burden of proof, and must establish the fact of negligence on the part of the defendant by affirmative testimony, failing in which, he fails in his suit:

Pittsburg Southern Railway Company v. Taylor, 104 Pa. 306;
Hazel v. People's Pass. Ry. Co., 132 Pa. 96; Yingst v. Lebanon,
etc., St. Ry. Co., 167 Pa. 438; Kepner v. Harrisburg Traction
Co., 183 Pa. 24; Smith v. Railway Co., 167 Pa. 209. Under
authority of the above cases we are obliged to hold that the
defendant's point—under all the evidence the verdict must be
for the defendant—should have been affirmed.

In Kelly v. Pittsburg and Birmingham Traction Co., 10 Pa.
Superior Ct. 644, the motorman directed his car into a horse
which was approaching him, while in this case the horse was
going in the direction of and ahead of the car until it unex-
pectedly whirled, faced the car and threw its rider to the
ground. Such an extraordinary proceeding on the part of
the horse could not be anticipated by the motorman, nor did
the car touch the plaintiff. The only question was whether the
car was so operated as to be the direct and sole cause of the
fright of the horse which directly resulted in the plaintiff's in-
juries. Of this there is not sufficient evidence to submit to a
jury and the judgment is reversed.

W. W. PORTER, J., dissents.