# Benson, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Trolley poles — Fall — Injury to pedestrian—Nonsuit.*

Where a trolley wheel accidently ran off the trolley wire and the pole was caught in other wires as the car turned a corner, and was drawn from its socket so that it fell upon the ground, striking a pedestrian, a nonsuit was properly entered in an action for injuries sustained, in the absence of evidence showing that the apparatus was defective either in construction, maintenance or operation, or that, even if such an occurrence could have been anticipated, there was any practicable means of preventing it.

Argued Jan. 22, 1915.   Appeal, No. 357, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1907, No. 4818, refusing to take off nonsuit in case of S. Hammer Benson v. Philadelphia Rapid Transit Company.   Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Eugene Raymond,* for appellant.—The case was for the jury: Bamford v. Pittsburgh & Birmingham Traction Co., 194 Pa. 17; Fitzimmons v. Philadelphia Rapid Transit Co., 56 Pa. Superior Ct. 365.

*Chester N. Farr,* for appellee.—No inference of negli-

gence could be drawn from the plaintiff's evidence: Clarke v. Philadelphia Rapid Transit Co., 241 Pa. 437; Zercher v. Philadelphia Rapid Transit Co., 50 Pa. Superior Ct. 324.

OPINION BY MR. JUSTICE POTTER, March 1, 1915:

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit. The plaintiff, a pedestrian upon the street, was injured by the fall of a trolley pole, which was drawn from its socket upon the roof of a car, which was moving around a curve. It appears that the accident resulted from the fact that the trolley wheel slipped from the overhead wire, and caught in a crotch of the supporting wires, which lifted the pole from its socket, so that it afterwards fell to the ground, striking the plaintiff. There was nothing in the evidence which tended to show that anything was wrong with the apparatus, or that the pole was not adjusted in its place in the ordinary and proper way. The accident was the result of an unusual combination of circumstances. In the ordinary operation of a car it is necessary that the trolley pole be left free at the upper end where the wheel comes in contact with the wire from which the current is derived, in order that the pole may be detached or shifted from the trolley wire, as frequent occasion may require. The accidental slipping of the wheel from the trolley wire is difficult to prevent, but ordinarily no harm results therefrom; but, in the present case it happened to leave the wire at the precise point where the tension of the spring upon the pole threw the end of it into a fork or crotch of the supporting overhead wires, where it caught and held fast, while the car moved on. The result was, that the pole was drawn out of the socket, in which it was fastened at the lower end. Such a combination as to time and place, as here occurred, when the wheel of the trolley pole left the track, could reasonably be expected to occur but rarely, and even if such a possibility had

been anticipated, no practicable means of preventing the thing which occurred, has been shown.   Doubtless it is a rare thing for the upper end of the pole to get out of its place, and become fastened in the overhead wires; but as we said with reference to a similar occurrence which was disclosed by the evidence in Clark v. Philadelphia Rapid Transit Co., 241 Pa. 437 (442); "Manifestly in such a case something must give way.   Unless the trolley pole should do so, at some point in its length, either at the top or bottom, the overhead wiring system would be dragged down by the weight of the ongoing car.   It might well be that greater damage would result from this, than could be reasonably anticipated from the pulling of the trolley pole from its socket." The placing of the safest point for a possible necessary separation, where some part of the appliance must give way, was a matter of judgment for the builders of the car.   Neither as to the plan upon which the apparatus was constructed, nor as to the method of its operation, nor as to the condition in which it was maintained, do we find anything in the evidence from which it can fairly be held that the defendant was properly chargeable with negligence.   The court below was right in its refusal to take off the judgment of compulsory nonsuit, and the judgment is affirmed.