Edward A. Kepner, Appellant, *v.* The Harrisburg Traction Company, operating the East Harrisburg Passenger Railway Co.

*Negligence—Street railway—Evidence—Presumption of negligence.*

In an action against a street railway company to recover damages for personal injuries, no presumption of negligence arises against the street railway company from the mere fact that plaintiff's horse became frightened by the breaking of a trolley wire, and that in consequence plaintiff was injured by being thrown or jumping from his wagon, when neither the wire nor any sparks emitted from it touched the horse, wagon or the plaintiff. On the contrary the burden is on the plaintiff to establish negligence on the part of defendant by affirmative proof.

Argued May 31, 1897. Appeal, No. 6, Jan. Term, 1897, by plaintiff, from order of C. P. Dauphin County, March T., 1896, No. 433, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McPHERSON, J.

The facts appear by the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off in an opinion in part as follows:

The motion to take off the nonsuit raises a question that should be settled definitely. The plaintiff concedes that no other evidence of defendant's negligence is to be found than the unexplained breaking of a wire; but the argument is vigorously made that nothing more is needed to carry the case to a jury. Two or three decisions in other jurisdictions support this view, but to adopt it in Pennsylvania would be so marked a departure from the course of decision in our own state, that a trial judge cannot be expected to take the step. As a question of policy, it may be wise to put into one class all companies using electricity upon or over the streets of a city and subject them to a presumption of negligence whenever an injury is done by any appliance under their control. But whether it be wise or not, it is clear that the proposed change of rule should be ordained by the legislature or announced by the Supreme Court; for by the present rule, in the case of injury to persons on the street, the courts of common pleas are bound to deal with these companies as with other defendants charged with negligence, and to require affirmative evidence that they have failed in duty, other than the bare fact that an appliance of the business has caused the injury complained of.

Considering the proposed rule in reference to street railway companies alone, it is obvious that one result would be to make such companies insure the safety of persons on the street against injury by any appliance of transportation. As in the present case, the plaintiff in a suit for such an injury would prove the bare fact that he had been hurt; thereupon the presumption of the defendant's negligence would arise, and evidence in explanation would probably be offered; and then, upon the question whether the explanation was sufficient—the element of contributory negligence being laid aside—the controversy would go to the jury, with a verdict for the plaintiff as the highly probable result. A report of such a trial may be found in Uggla v. Railway Co., 160 Mass. 351. In that case the plaintiff while driving on Park Square, in Boston, " was struck by a broken iron attached to a wire guy. The iron was part of an ear, used to clasp a trolley wire and apply to it a strain from the guy, in order to keep the trolley wire in place

around a curve and over the defendant's track. The ear broke with the strain and one part of it fell, striking the plaintiff on his head. As to these facts there was no dispute at the trial, and there was no other evidence that the defendant was in fault." Thereupon the defendant offered its explanation, and introduced evidence, " that it was not guilty of negligence, tending to show that the break was a clean break, bright in color and appearance, and that the iron was sound all through; without flaw or defect in it; and also that the whole apparatus was manufactured and put up by a manufacturer of the highest reputation; that the ear and guy constituted the best and strongest device known at the time for keeping trolley wires in place; that the defendant employed a corps of competent superintendents, foremen and inspectors, who inspected the whole line weekly, including the ears and their attachments; and that this particular part of the line had been inspected within a week prior to the accident." It is not likely that in any case more could be proved than is here set out; but the case was carried to the jury by the presumption of the defendant's negligence, and in spite of an explanation apparently complete there was a verdict in favor of the plaintiff.

Volkmar v. Elevated Railway Co., 134 N. Y. 418 is a somewhat similar decision. It may fairly be cited in support of the plaintiff's contention, although there was some slight evidence in that case of the defendant's negligence, in addition to the fact that a bolt had fallen from its structure and had struck the plaintiff upon the shoulder. Haynes v. Gas Co., 114 N. C. 203, contains some general language which is in the line of the argument now being considered; but in that case the plaintiff proved the defendant's negligence in putting up a guy wire that crossed and was in contact with the feed wire of a railway company; and the language of the opinion should be read in the light of the facts in proof. It may be, however, that the court intended to lay down a general rule in reference to companies using electricity upon a public street; and in that event, the case supports the plaintiff's argument. In Giraudi v. Electric Improvement Co., 107 Cal. 120, there was evidence of negligent construction; and in Nichols v. City, 35 Minn. 430, a telephone company had notice that its wires were obstructing travel, and failed to remove them after a reasonable time.

But, whatever may be the rule in other jurisdictions, the rule in Pennsylvania is, that in cases like the present the plaintiff must offer affirmative evidence that the defendant has been negligent. It would be a waste of time to cite more than two or three of the numerous cases enforcing this rule with regard to steam railways, whose right of passage conflicts with the similar right of a traveller on foot or by wagon at the crossing of a public road: Railway Co. v. Frantz, 127 Pa. 297; Ellis v. Railway Co., 138 Pa. 506; Childs v. Road Co., 150 Pa. 73. In principle, however, the doctrine now contended for is as applicable to such companies as to street railways. The only difference is one of degree, the street railway being more dangerous; but unless as a matter of policy this difference requires a difference in rule, it ought to be enough for the person injured at a crossing by a steam railroad, to prove the bare fact that he has been struck upon the crossing by the defendant's train. The presumption of negligence should arise at once, and with the explanation offered by the defendant should carry the whole controversy to the jury. As to steam railroads, however, it need not be argued that this is not the law of Pennsylvania. Neither need time be spent to establish the proposition, that it is not the law in actions for negligence against individuals or private corporations. In such suits, also, there is no presumption that the defendant has been negligent; the plaintiff must prove that averment affirmatively, and is not allowed to recover unless he can show more than the mere fact of injury: Gorshorn v. Smith, 92 Pa. 435; Simpson v. Pittsburg Locomotive Works, 139 Pa. 245; Reese v. Clark, 146 Pa. 465; Fick v. Jackson, 3 Pa. Superior Ct. 378.

It can also be made clear without difficulty that the rule now proposed is not the law of Pennsylvania in suits against street railway companies, the class of corporations in question: Campbell v. Railway, 139 Pa. 522; Keller v. Railway Co., 149 Pa. 65; Gilmore v. Pass. Ry. Co., 153 Pa. 33; Kestner v. Traction Co., 158 Pa. 422; Johnson v. Railway Co., 160 Pa. 647; Yingst v. Railway Co., 167 Pa. 438; Flanagan v. Railway Co., 163 Pa. 102; Thatcher v. Traction Co., 166 Pa. 66; Harper v. Traction Co., 175 Pa. 129; Comey v. Traction Co., 175 Pa. 133; McLaughlin v. Traction Co., 175 Pa. 565; Harkins v. Traction Co., 173 Pa. 146; Conner v. Traction Co., 173 Pa.

602; Reilley v. Traction Co., 176 Pa. 335; Musser v. Railway Co., 176 Pa. 621; Reber v. Traction Co., 179 Pa. 339.

If necessary these citations could be multiplied; but probably enough have been given to show clearly that the proposition now under consideration is a novelty in this state. It is not for a court of common pleas to overrule these cases and change the law of evidence.

There is one decision in Pennsylvania, however, upon which the plaintiff lays much stress : Canal Co. v. Graham, 63 Pa. 290. The facts were, that the canal company was required by its charter " to build and keep in good repair suitable and convenient bridges; " and that the plaintiff was injured by the breaking of a bridge. He brought suit, and was allowed to recover without other proof of the company's negligence than the fact that the bridge broke down. In some degree, the case supports the plaintiff's argument; but the opinion makes it clear—as does also the comment in Improvement Co. v. Rhoads, 116 Pa. 384, —that the decision was put upon the express obligation imposed upon the company by its charter. It is true that the General Railroad Acts of 1849 and 1868, and the Street Railway Act of 1889, might perhaps have been construed to imply a similar obligation by reason of the power they give to construct, maintain and operate; but it is equally true that this construction has not obtained. This grant of power has never been regarded as imposing an obligation so imperative as to involve a change in the rule of law that requires a charge of negligence to be made out by affirmative evidence. In this connection, the case of Whitaker v. Delaware & Hudson Canal Co., 87 Pa. 34, may be referred to as instructive, and perhaps as tending to confine the authority of Canal Co. v. Graham, to an identical state of facts.

The plaintiff's argument may be fairly summarized as an effort to extend the doctrine of res ipsa loquitur, so as to embrace every injury done by the companies employing electricity upon a public street. In the present state of the Pennsylvania decisions, I do not regard the question as open, and therefore, I have not discussed it. But I may point out in conclusion that if I am wrong in the view I take of our own authorities, the facts now before the court present the question distinctly : Shall negligence be presumed against a street railway company from the mere happening of an injury to a person on the high-

way, caused by an appliance of the company's business? There is nothing here except the single fact, that the wire broke; for anything that appears, it might have been struck by lightning, or blown down by a high wind, or broken by the fall upon it of a missile thrown by a stranger, or torn apart by some inevitable accident. Unless the presumption contended for exists, it is a mere guess to say that the break was caused by negligence. The plaintiff has chosen to rely upon the bare presumption, and if that fails there is nothing else.

Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*James A. Stranahan*, with him *Benjamin M. Nead*, for appellant.—There are cases in which a fair presumption or inference of negligence arises from the circumstances under which the injury occurred, and this we think is one of them: Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497; Fleming v. Railway, 158 Pa. 135; Clow v. Pittsburgh Traction Co., 158 Pa. 410; Phila. & Reading R. R. v. Anderson, 94 Pa. 351.

The following cases are directly in point and establish the position we claim: Pennsylvania & Ohio Canal Co. v. Graham, 63 Pa. 290; Huey v. Gahlenbeck, 121 Pa. 238; Scott v. Dock Co., 3 Hurlst. & Colt, 596; Dixey v. Phila. Traction Co., 180 Pa. 401; Butler v. M. R. Co., 143 N. Y. 418; Morris v. Strobel & Wilken Co., 81 Hun, 1; Briggs v. Oliver, 4 Hurlst. & Colt, 403; Giraudi v. Electric Imp. Co. of San Jose, 17 Cal. 120; Haynes v. Gas Co., 114 N. C. 203; Denver Consolidated Electric Co. v. Simpson, 5 Am. Elec. Cases, 278; Bourget v. Cambridge, 156 Mass. 391; Uggla v. West End Street Ry., 160 Mass. 351; Hutchinson v. Boston Gas Light Co., 122 Mass. 219; Nichols v. Minneapolis, 33 Minn. 432.

*C. L. Bailey*, of *Wolfe & Bailey*, for appellee.—Negligence cannot be presumed from the mere fact of injury, but must be affirmatively proved: Baker v. Fehr, 97 Pa. 72; Whitaker v. Canal Co., 87 Pa. 34; Borough v. Neff, 102 Pa. 474; Goshorn v. Smith, 92 Pa. 435; Shearman & Redfield on Negligence, sec. 12; Jones on Evidence, sec. 181; MacLean v. Burnham, 19 W. N. C. 53; Mensch v. R. R., 150 Pa. 598; Hartman v. R.

R., 144 Pa. 345 ; Simpson v. Locomotive Works, 139 Pa. 245 ;
McKenna v. Paper Co., 176 Pa. 306 ; Titus v. R. R., 136 Pa.
613 ; Allison Mfg. Co. v. McCormick, 118 Pa. 519 ; R. R. v.
Yeiser, 8 Pa. 366 ; Jennings v. R. R., 93 Pa. 337 ; Henderson
v. R. R., 144 Pa. 461 ; Thomas on Negligence, p. 574 ; Whar-
ton on Evidence, sec. 362 ; Erie R. R. v. Decker, 78 Pa. 293 ;
R. R. v. Yerger, 73 Pa. 121 ; Booth on Street Railways, sec.
132 ; Collins v. Leafly, 124 Pa. 203 ; Allegheny v. Zimmerman,
95 Pa. 287 ; Scott v. Dock Co., 3 Hurl. & C. 596 ; Welfare v.
Ry. Co., L. R. 4 Q. B. Cases, 693.

OPINION BY MR. JUSTICE McCOLLUM, October 11, 1897 :

While the plaintiff and Montgomery were riding in a piano
wagon on Market street in the city of Harrisburg, their horse
was frightened by the breaking of a trolley wire, and the plain-
tiff, alarmed by the noise and electric flashes occasioned by it,
and by the plunging of the horse, jumped or was thrown from
the wagon to the ground and was seriously injured thereby.
Neither the wagon or the horse, nor the plaintiff or his compan-
ion, was struck or touched by the wire, or injured by the sparks
emitted from it. It is not claimed that the occurrence can be
attributed to any defect in the wagon, or to the negligence of
either of the persons in it. The wire was an essential appliance
of the defendant in the operation of its road, and it is contended
that the breaking of it raised a presumption of negligence which,
unanswered, furnished adequate ground for a recovery in the
suit in accordance with the plaintiff's claim. The learned court
below thought that the circumstances shown by the evidence
did not authorize the presumption contended for, and accord-
ingly entered a nonsuit, which it refused to take off. The
question presented by the appeal from the refusal to take off the
nonsuit is whether the court erred in so holding.

The general rule is that the plaintiff whose suit is grounded
upon the alleged negligence of the defendant must not only
establish the negligence by competent evidence but he must
show that it was the cause of the injury for which he sues.
The exceptions to the rule are rare. The majority of our
own cases which have been held to be within the exceptions
were suits by passengers against railroad companies for injuries
received by the former while being conveyed on the trains un-

der the control and management of the latter. "Authority need scarcely be cited to establish that where an injury occurs to a passenger in consequence of something done or not done, connected with the appliances of transportation, there arises the presumption of negligence which the carrier is required to rebut. This presumption necessarily arises from the contract of carriage, under which the passenger passively trusts himself to the safety of the carrier's means of transportation, and to the skill and diligence and care of his servants; and by which the carrier, in consideration of the fare, undertakes to carry safely, and to do so, to furnish the best means and appliances for the purpose, and competent, skillful and diligent servants:" THOMPSON, J., in Fleming v. Railway, 158 Pa. 135. So the happening of an accident to a passenger on a street car, if the accident is connected with the means of transportation, raises a presumption of negligence on the part of the company: Clow v. Pittsburgh Traction Co., 158 Pa. 410; Dixey v. Traction Co., 180 Pa. 401, and O'Connor v. Traction Co., in same vol. p. 444. In Shafer v. Lacock et al., 168 Pa. 497, it was held that the circumstances shown by the evidence authorized an inference or presumption of negligence which cast on the defendants the burden of showing their freedom from fault in connection with the destruction of the plaintiff's house. In the case last cited, as in the cases previously referred to, there was a contract relation between the parties which required of the defendants the use of proper appliances and the employment of careful and skillful workmen to carry out their agreement with plaintiff. "The occurrence was not in the ordinary course of things, and the circumstances connected with and surrounding it put on them the duty of showing that it was at least consistent with the exercise of proper care in the performance of their work." Besides, there was evidence that the workmen declared while the fire was in progress that it was caused by their carelessness. Not one of the cases to which we have referred affords any support to the plaintiff's contention in the case before us. It is not a case in which there was a contract relation between the parties, or in which the plaintiff was directly injured by the breaking of one of the appliances used by the defendant in the operation of its road. It closely resembles the case of Yingst v. Railway Co., 167 Pa. 438, in which "the plain-

tiff's injuries resulted from the upsetting of a wagon in which she was riding, occasioned exclusively by the fright of the horse drawing the wagon. The horse took fright upon seeing an approaching street car on the defendant's track, and turning suddenly away from the road, the wheel of the wagon struck a stone or other obstacle, and this caused the overthrow of the vehicle. There was no collision of any kind, the wagon was not on the track, but was being drawn upon the highway on which the defendant's track was laid." In that case the negligence complained of was the speed of the car, and in this it is the breaking of the trolley wire. In that the horse was frightened by the rapid approach of the car, and in this by the noise made by the breaking of the wire. In that case it was held that " as the plaintiff was not a passenger, the burden of proof was on her to establish the truth of her allegations by affirmative testimony, failing in which she must fail in her suit." We need not add anything to what was said by the court below respecting other cases cited by the plaintiff from the reports of this and other states. It is clear that the plaintiff's proposition cannot be sustained without a wide departure from the well settled rule, in cases of this nature, supported by numerous decisions of this court. We find nothing in the evidence which warrants such a departure. The nonsuit is therefore sustained.

Judgment affirmed.