## Lanning *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Pedestrians—Broken wire—Evidence—Burden of proof.*

1. The rule res ipsa loquitur does not apply when one walking on a street of a municipality is injured by an appliance of a street railway company using electricity upon or over the street. The burden is on the person injured to establish negligence on the part of the company.

2. In an action against an electric railway company to recover damages for personal injuries alleged to have been received by a pedestrian on a city street as the result of a broken trolley wire, where none of

plaintiff's witnesses in chief testifies that at the time of the breaking of the wire which caused the accident it had not been properly adjusted, fastened or strung, and the testimony of plaintiff's experts does not tend to establish the negligence alleged as the cause of the accident, it is error to submit the question of defendant's negligence to the jury on the ground that it could be fairly inferred from all the circumstances, and because no other cause was apparent to which the falling of the wire could be attributed.

Argued Oct. 13, 1910. Appeal, No. 166, Oct. T., 1910, by defendant, from judgment of C. P. Washington Co., Feb. T., 1910, No. 136, on verdict for plaintiffs in case of J. J. Lanning and Mary Martha Lanning, his wife, *v.* Pittsburg Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass for damages for personal injuries. Before McILVAINE, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for J. J. Lanning for $1,000, and for Mary M. Lanning for $2,266.66. Defendant appealed.

*Error assigned* among others was in refusing defendant's motion for judgment n. o. v.

*John H. Murdoch*, with him *Edgar B. Murdoch*, for appellant.—The rule res ipsa loquitur is not applicable: East End Oil Co. v. Torpedo Co., 190 Pa. 250; Stearns v. Spinning Co., 184 Pa. 519; Aument v. Penna. Tel. Co., 28 Pa. Superior Ct. 610; Cavanaugh v. Light Co., 226 Pa. 86; Joyce v. Black, 226 Pa. 408.

*R. H. Meloy*, with him *Owen C. Underwood*, for appellee, cited: Kepner v. Traction Co., 183 Pa. 24; Patterson Coal & Supply Co. v. Pittsburg Railways Co., 37 Pa. Superior Ct. 212.

OPINION BY MR. JUSTICE BROWN, January 3, 1911:

On the evening of July 31, 1909, a trolley wire of the

defendant company parted at the corner of Pike and
Main streets, in the borough of Houston, and Mary
Martha Lanning, one of the plaintiffs, who was crossing
from Pike over to Main street, was either knocked down
by one end of the broken wire or fell in an effort to avoid
it. Her fall resulted in the injuries for which damages
are claimed in this action brought by her and her hus-
band. The averment in their statement charging the
defendant with negligence is that it did not have its
trolley and guy wires properly adjusted and fastened,
and said wires, on account of improper adjusting and
negligent fastening, broke and fell to the ground. The
case went to the jury on the question of the defendant's
negligence, and the verdict was for the plaintiffs, upon
which judgments were entered.

Whatever may be the rule in other jurisdictions as to
the presumption of negligence whenever one traveling on
the street of a municipality is injured by an appliance of
a company using electricity upon or over the street, our
cases recognize no such presumption. With us the rule
res ipsa loquitur does not apply in such a case, and the
burden was upon the appellees to show more than the
mere breaking of the wire: Kepner v. Traction Co., 183
Pa. 24. The burden was upon them to show that the
breaking was due to some negligence of the company,
and, having charged in their statement the specific neg-
ligence which resulted in the breaking, it was upon them
to establish that negligence on the trial. Until street
railway companies are made insurers of the safety of
persons traveling over the streets and highways of the
commonwealth against injury from any appliance used
in their transportation systems, one injured, as this plain-
tiff was, must prove more than the mere fact of the break-
ing of the trolley wire. All this seems to be conceded by
counsel for the appellees, and the learned trial judge so
instructed the jury. The error complained of is that he
permitted them to pass upon the question of the defend-
ant's negligence without any evidence to support it.

Whether there was any such evidence was a preliminary question for the court, whose duty it was to have withdrawn the case from the jury if there was no evidence that ought reasonably to have satisfied them of the negligence which the plaintiffs were called upon to prove: McKnight v. Bell, 135 Pa. 358.

There was no direct proof of any negligence that caused the wire to break, but the learned trial judge submitted the question of the defendant's liability to the jury, because, as he states in his opinion overruling the motion for a new trial and refusing judgment for the defendant, he thought it could be fairly inferred from all the circumstances that the company had either negligently constructed its trolley wire or had failed to keep it in proper repair at the point of the accident, and no other cause was apparent to which the falling of the line could be attributed. The question for the jury was not whether there was no other apparent cause than the defendant's negligence for the breaking of the wire; the question before them was, Did the negligence of the defendant company cause it to break? If this did not appear, there was no liability upon the defendant. If a jury in an action against a street railway company is to be permitted to find it guilty of negligence because there is no other apparent cause for the act complained of, it is quite safe to assume that in every case the verdict will be for the plaintiff. The appellees were not required to establish the negligence of the defendant by direct or positive proof. Like any other fact, negligence may be, and often is, established by circumstantial evidence; but when such proof is relied upon, it must fairly and reasonably lead to the conclusion that the specific act of negligence existed, as charged, and was the proximate cause of the injury sustained.

No witness called by the plaintiffs in chief testified that, at the time the wire broke, it had not been properly adjusted, fastened and strung. One who saw it drop, when asked whether he knew what caused it to fall, re-

plied that he did not; another, who saw the flash before
it fell, made the same answer.  And so the testimony of
all the other witnesses called by the plaintiffs in chief
may be examined in vain to find a word from any one
of them which would justify a finding that the wire had
fallen because it had been improperly and negligently
fastened.  The only expert called by them—S. M. Pol-
lock—described the condition of the overhead wire at
the point of the accident and, in doing so, pointed to no
defect in it which in his opinion could have caused, or did
cause, it to break, and nothing in his testimony tended
to show negligence of the defendant which resulted in
the breaking.  It was shown by some of the witnesses
that at or near the point of the accident, and prior thereto,
guy or span wires had fallen at times, but, if they did
fall, it was not shown what had caused them to fall.
Even if it had been shown that they had fallen because
they had not been properly fastened, their falling had no
connection with the fall of the trolley wire, and, as the
court below correctly held, could not be considered as evi-
dence of negligence by the company which caused that
wire to fall.  The plaintiffs were permitted to show the
falling of these other wires simply as evidence of the fact
that the defendant company had knowledge that the
line at the corner where the trolley wire broke, was liable
to get out of order, and, therefore, needed special care
and attention.

When the plaintiff rested there was nothing before the
jury showing any negligence on the part of the defend-
ant which caused the wire to break, and the company
was not called upon to prove anything.  It did, however,
call witnesses, from whose uncontradicted testimony it
appeared that the overhead construction at the corner
where the wire broke was proper and the one in ordinary
use, and that the line had been duly inspected and kept
in repair.  This having been the situation when the de-
fendant rested, if the plaintiffs had offered nothing in re-
buttal, binding instructions to the jury to find for the

defendant, if asked for, could not have been withheld, unless the trial judge was to permit the jury to guess that the company had been negligent. The plaintiffs were permitted in rebuttal to call an expert, whose testimony ought to have been offered in chief, but the trial judge, in his discretion, permitted him to be called out of order because he had not been in court when the case of plaintiffs was being presented. In the opinion sustaining the verdict stress is laid upon his testimony as supporting the theory of the plaintiffs that one of the guy wires had become loose and fallen across the trolley wire, striking the rail below and establishing a short circuit, which either burned the trolley wire in two, causing it to drop, or weakened it in such a way by burning it that it separated and fell. In view of the admission of this witness and of the uncontradicted testimony in the case, his theory does not help the case of the plaintiffs. He admitted that if the wire had been burned, the burn could have been distinguished by the eye from a break. There was no proof by the plaintiffs, nor offer to prove, that the wire had parted as the result of burning, while the uncontradicted testimony on the part of an expert witness, who had examined it immediately after it fell, was that it had not been burned, but had broken. The case of the plaintiffs was, therefore, no stronger after the testimony of their witness, called out of order, than it was when they first rested.

While the trial judge correctly instructed the jury that the burden of proof was upon the plaintiffs to show negligence, as the rule res ipsa loquitur did not apply, it is evident that he unconsciously recognized that rule, for he permitted the jury to guess that the fall of the wire was due to its having been improperly and negligently fastened by the defendant. This was not permitted in either Shafer v. Lacock et al., 168 Pa. 497, or McCoy v. Ohio Valley Gas Co., 213 Pa. 367—the two cases relied upon as authorities for submitting the case to the jury. In the first, the fire which destroyed the house of the

plaintiff was caused by a spark or sparks from a fire pot used by servants of the defendants in repairing the roof, who, while the fire was in progress, made declarations to the effect that it had been caused by their carelessness; in the second, gas was leaking from the pipe at the point where the explosion occurred, and the company did not check or moderate its flow, although this could have been done.   There is no analogy between these cases and the one now before us.   Whatever principle or rule may have been recognized in them applied to the facts as established.   Here no facts were established which, under any of our cases, would make the defendant liable.   The judgments are, therefore, reversed and judgment is now entered for the defendant.