Annett et ux., Appellants, *v.* American Stores
Company et al.

Argued December 8, 1938.   Before KEPHART, C. J.,
MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Todd Daniel,* with him *Henry Temin* and *Francis
Fisher Kane,* for appellant.

*Richard A. Smith,* with him *Louis Wagner, Thomas J.
Clary* and *Charles E. Kenworthey,* for appellee.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

The plaintiffs, husband and wife, appeal from the order of the court below refusing to take off a compulsory nonsuit. They charge defendant with negligence in placing a heavy iron screen in a dangerous position, so that it fell upon the wife while she was walking along a cement footway in the rear of defendant's place of business. In the affidavit of defense it is denied that the screen was in defendant's control at the time of the accident. Defendant avers that if the screen was in an unsafe position, it was due solely to the conduct of the employees of F. G. Vogt & Sons, Inc., who had unfastened the screen while engaged in making delivery of merchandise to the store. Defendant brought this corporation upon the record as an additional defendant.

At trial the plaintiffs established that the original defendant maintains a store at 59 South 69th Street, in Upper Darby, Delaware County. The store extends in depth to a twenty-foot alley or cartway, which parallels 69th Street on the front of the property. At the rear of the building defendant has a freight elevator which is used to move merchandise to and from the basement of the store. The shaft of the elevator at the pavement level is protected when in use by removable screens of iron or steel, which are enclosed in heavy metal frames. No complaint is made of the adequacy of the screens or of their plan of construction.

On November 2, 1935, about 10:30 a. m., the front screen, six feet long and three feet wide, had been removed from its base and placed in a leaning position against one of the metal uprights of the elevator. It appears from the evidence that about this time a truck belonging to the additional defendant was parked at the elevator opening, and the driver was standing at the back of the truck. As the wife-plaintiff was passing the elevator shaft, the screen slipped in the direction in which the pavement sloped, struck plaintiff's feet, and

knocked her to the ground, causing the injuries for which damages are sought.

The negligence asserted is the act of placing or leaving the screen in such a position of danger that it constituted a menace to pedestrians using the walk in rear of the store. However, the proofs offered on behalf of plaintiffs fail to establish more than the happening of the accident. It is not shown that any employee of defendant handled the screen, or was present at a time having relation to the occurrence. Nor is there evidence of any other circumstances, the effect of which would be to place responsibility upon defendant for the creation of the dangerous condition. It does not appear from the testimony how long the screen had been in the position described by the witnesses, so that defendant might be charged with notice thereof, or be afforded an opportunity to remove the danger.

In refusing to take off the nonsuit the court in banc tersely said: "All that plaintiff has shown is that defendant owned a screen which was properly constructed and that somebody had improperly handled it." There is no complaint by plaintiffs that the motion of the additional defendant for a nonsuit was granted.

We have reviewed the record and are convinced that the nonsuit here in question was proper, because the defendant was not connected with the act upon which the charge of negligence is grounded. There is no evidence upon which the jury might reasonably find that the accident arose from a want of care upon the part of defendant. While it is apparent that some unidentified person removed the screen from its protecting base and placed it in the position of peril, in so far as the record shows, it may have been the act of a trespasser.

It is earnestly argued that the evidence which plaintiffs presented is sufficient to sustain an inference of negligence, and that it was for the jury alone to determine whether defendant, its servants and employees were responsible for the negligent act rather than for the court

to rule the question as a matter of law. This contention undoubtedly is based upon the doctrine of those cases which hold that "where a thing which caused the injury is shown to be under the management of defendant, and the accident is such as in the ordinary course of things does not happen if proper care is used, it affords reasonable evidence in the absence of explanation by the defendant, that the accident arose from want of care." See *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497. Plaintiffs, in support of their position, rely upon the following cases: *Fitzgerald v. Sherwood*, 239 Pa. 298; *Sakach v. Antonoplos*, 298 Pa. 130; *Hresko v. Federal Elec. Co.*, 301 Pa. 382, and *Gable v. Golder*, 116 Pa. Superior Ct. 415. It is to be noted that, in these cases, the circumstances clearly indicated that the defendant was in control of the instrumentality and was responsible for placing it in a hazardous position, so that negligence could be inferred. These cases are clearly distinguishable from the present one and are, therefore, not in point.

We are of opinion the present case is ruled by the following decisions applying the principle that where the evidence is not sufficient to sustain the conclusion that the defendant placed the object, which inflicted the injury, in the position of peril, mere proof of the happening of the accident will not carry the case to the jury, or support a charge of negligence: *Brynelson v. Concrete Steel Co.*, 239 Pa. 346; *Ceen v. Wm. Cramp & Sons S. & E. B. Co.*, 249 Pa. 415; *Direnzo v. Pitts. B. & I. W.*, 265 Pa. 561; *Vendig v. Union League of Phila.*, 291 Pa. 536; *Ammon v. Horn & Hardart Baking Co.*, 321 Pa. 49; *Smith v. Hartman*, 79 Pa. Superior Ct. 126; *Bechtel v. Franklin Tr. Co.*, 120 Pa. Superior Ct. 587.

Our conclusion is that it was proper for the court below to withdraw the case from the jury, and to enter a nonsuit.

Judgment affirmed.