## Novak, Appellant, *v.* Neff.

Argued March 16, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Leonard J. Paletta,* with him *Andrew S. Romito,* and *McArdle, Harrington & McLaughlin,* for appellant.

*Carl E. Fisher,* with him *Paul M. Robinson, Edwin J. Morrell,* and *Robinson & Fisher,* and *Walls, Rial & Morrell,* for appellees.

Opinion by Mr. Justice Bok, April 18, 1960:

At noon of September 17, 1957, appellant went to the defendants' lumber yard, located in Suterville, Westmoreland County, to get some lumber for his employer. The clerk on duty told him that the yardman had gone to lunch and that appellant should go and get what lumber he wanted. He and other customers had done this before.

The lumber he needed was in an upper tier of bins and he had to use a ladder to reach it. It was a home-made affair, its top resting against a beam and its bottom on slightly sloping ground of hard clay covered with a composition called red dog about a foot from a rain ditch.

Appellant looked at the ladder and testified to the position of its top and base. He said: "I gave the ladder a little shake, like, to see if it was solid: I got on it and give a little jump on the first rung and started to climb it. . . . I got about three-quarters of the way up and I went straight back down. . . . it [the ladder] was underneath me when I first hit on the ground."

There was no allegation that the ladder was defective or that it broke under appellant's weight. There was no proof that it slipped or of what caused it to fall.

The trial judge left the situation to the jury, which found for the plaintiff. Judgment for the defendants n.o.v. was entered later, and the plaintiff appealed.

There is no evidence that defendants were negligent. Their duty toward a business visitor, under the circumstances, was to keep their property in reasonably safe condition and to warn only of dangers that they knew about and that were not obvious: *McCreery v. Westmoreland Cooperative Assn.*, 357 Pa. 567 (1947), 55 A. 2d 399. Beyond this, no cause for the fall of the ladder was alleged or proved. The mere happening of an accident is legally insufficient to establish liability: *Mc-*

*Adoo v. Autenreith's Dollar Stores,* 379 Pa. 387 (1954), 109 A. 2d 156.

The judgment is affirmed.