Drill, Appellant, *v.* Genetti.

Argued March 5, 1963. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Morton J. Gordon,* with him *Robert J. Gillespie,* for appellant.

*George I. Puhak,* for appellees.

OPINION BY ERVIN, J., April 18, 1963:

John Drill, plaintiff, instituted an action in trespass against Leon A. Genetti and Robert A. Smith, owners respectively of adjoining buildings located in the City of Hazleton, Pennsylvania. A voluntary nonsuit was entered as to Genetti because he had settled with the plaintiff by paying the sum of $500.00 and had obtained a joint tortfeasor's release of liability. At the conclusion of the testimony the trial judge directed a verdict for the defendant, Robert A. Smith.

Binding instructions for the defendant are proper where the evidence in the case and the reasonable inferences therefrom, when considered in the light most favorable to the plaintiff, would not justify a verdict and judgment in his favor: *Grande v. Wooleyhan Transport Co.,* 353 Pa. 535, 46 A. 2d 241; *Stabelli v. Somerton Building and Loan Assn.,* 343 Pa. 460, 23 A. 2d 477.

Viewed in this light, the evidence established that on January 21, 1959, at approximately 8:30 a.m., the plaintiff, while walking on a sidewalk in front of Genetti's property and two feet from the line of the Smith property, was struck by a falling piece of ice. The ice weighed approximately 50 pounds and was from 18 inches to 3 feet long and at least 8 inches thick. Several days before the accident it had snowed and for a week prior to the accident there had been cold and warm periods. On the day of the accident the temperature was in the low 30's. There was no testimony as to the amount of the snowfall nor was there

any testimony as to the specific temperature range in the week preceding the accident. Although the plaintiff testified that the ice came from a rain pipe at the corner of the Smith and Genetti properties, he stated that he never saw the ice on the building and that he had never looked at the roof of the building. The first time he saw the ice was when it was on the pavement after it struck him.

The plaintiff also testified that there was a steel canopy which covered the whole sidewalk in front of the Smith property. He also testified that he had traveled under this canopy and was two feet onto the Genetti property when he was struck by the falling ice.

The only other witness called by the plaintiff was James Gallagher, a letter carrier. He testified that the first time he saw the ice was when it was passing the canopy and that he then saw the ice strike the plaintiff on the shoulder. He also testified that although he passed the Smith building every day, he saw no icicles on the Smith building and he admitted to seeing small icicles on the Genetti building. There was no testimony that ice had fallen from the roof of the Smith property on any prior occasion nor was there any testimony that ice had accumulated on any part of the Smith building at any time in the past. There was no evidence of any defective construction of the Smith building nor was there any evidence that the drain pipe was defective. There was no evidence that the defendant had actual knowledge of any ice upon his building and the evidence revealed that any ice, if upon his building, would not have been visible from the street. The plaintiff averred in his complaint that "it would be impossible for [him] plaintiff to see the ice block. . . ." There was no evidence presented to show how long any ice or icicles were permitted to remain upon the Smith property.

The rationale of the opinion of the court below is that Smith had no actual or constructive notice of ice upon his property. Before he could be charged with constructive notice, the dangerous situation must have been apparent upon a reasonable inspection and must have existed for such a length of time that he should have known thereof: *Good v. Philadelphia,* 335 Pa. 13, 16, 6 A. 2d 101; *Stolpe v. Duquesne City,* 337 Pa. 215, 219, 9 A. 2d 427; *Timlin v. Scranton (No. 1),* 139 Pa. Superior Ct. 503, 507, 12 A. 2d 502.

The affirmative evidence presented by the appellant made it clear that the ice was not visible from the street and there is no evidence in the record upon which a jury could reasonably and legitimately infer that the appellee had constructive notice of the ice on his building. There is no evidence which shows that a reasonable inspection of the building would have disclosed the dangerous condition. The lack of notice or constructive notice to the owner of the building is sufficient to justify an affirmance of the action taken by the court below.

In addition, we are convinced that there was no credible evidence in this case to show that any ice came from the appellee's property. Nobody testified that he saw ice on the Smith property prior to its fall. The ice actually struck the appellant on his shoulder when he was in front of the Genetti property and at least two feet from the appellee's property line. The evidence clearly reveals that appellee Smith had taken the precaution of constructing a steel canopy which covered the entire sidewalk in front of his property. The mail carrier, James Gallagher, plaintiff's witness, testified as follows: "Q. Is there a canopy or a porch-like structure over the Smith Floral pavement? A. There is. Q. How far does that extend, Mr. Gallagher? A. It extends the entire length and width of the pavement covering the Smith building."

476

It is a fundamental rule in negligence cases that the plaintiff, to recover, must establish a prima facie case of negligence and causation and the fact that an injury is sustained as a result of a falling object does not relieve the plaintiff of this burden of proof. The doctrine of exclusive control does not apply where the evidence of cause of the accident is equally available to both parties and is not peculiarly or exclusively accessible to and within the possession of the defendant. Nor does the doctrine of res ipsa loquitur apply to cases in which a plaintiff is injured by a falling object. It is incumbent upon the plaintiff to produce some evidence, either factual or circumstantial, from which negligence on the part of the defendant might be legitimately and reasonably inferred: *Stewart v. Morow*, 403 Pa. 459, 462, 170 A. 2d 338. This he failed to do.

Judgment affirmed.