Howard L. Moore, Plaintiff-Appellee, v. Sears, Roebuck & Company, a Foreign Corporation, Defendant-Appellant.

Gen. No. 50,585.

First District, Third Division.

May 12, 1966.

1

Kahn, Adsit, Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (John F. McClure and Michael R. Turoff, of counsel), for appellant.

Kanelos and Sullivan, of Chicago (John R. Sullivan, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In an action for personal injuries sustained while plaintiff was in one of the stores of defendant, the jury re-

turned a verdict for plaintiff in the sum of $1,250, and defendant appeals from the judgment entered thereon. The sole issue raised on appeal concerns plaintiff's status at the time of his injury; that is, whether he was a volunteer and hence required to show that the accident was the result of wilful and wanton conduct on the part of defendant.

The incident which gave rise to plaintiff's injury occurred in the shipping room in the rear of defendant's La Grange store, where plaintiff as a customer had been directed to have his lawnmower repaired. Plaintiff and one Fisher, an employee of the store who was working on the mower at the time in question and who was only fifteen or twenty feet from plaintiff, were the only persons present in the shipping room when plaintiff saw a stock boy pulling a gondola loaded with two stoves onto a freight elevator located on the north side of the room. The boy was backing onto the elevator at an angle of approximately thirty degrees, and the handle of the gondola was extended toward his midriff. Plaintiff testified that the gondola rolled onto the elevator, pinning the boy against the corner so that the handle was "striking him in the stomach or groin," and seeing this, plaintiff grabbed the gondola, stopping its thrust so that the boy would not get hurt or "binded up in there." According to plaintiff, the stock boy then asked him to close the elevator doors, which closed vertically from the top and bottom. Complying with the boy's request, plaintiff pulled down the top portion. As he did so, the lower half came up from the floor and caught his hand between the two sections.

The stock boy testified, however, that he at no time asked plaintiff for any assistance; that he was not pinned in and that he was going around to close the elevator doors when plaintiff volunteered to do it for him.

3

■ The only relief sought by defendant is a reversal of the judgment, with directions to the trial court to set aside the verdict and enter judgment for defendant. We must therefore determine whether there is any evidence which, taken with its most favorable intendments, establishes plaintiff's case.

■ Plaintiff contends that an emergency existed which justified his intervention, that he could not be classified as a volunteer, and that defendant owed him the duty of exercising reasonable care. In addition to showing an emergency, however, plaintiff must also show that there was no fellow employee who was then presently capable of performing the function undertaken by plaintiff. W. B. Conkey Co. v. Bueherer, 84 Ill App 633; Saldukas v. McKerns, 340 Pa 113, 16 A2d 30. On this phase of the case the testimony is conclusive and it is not disputed that defendant's employee Fisher was only fifteen or twenty feet away and could easily have been called to give any needed assistance.

The issue was presented to the jury in an instruction which reads as follows:

> "The stock boy in question did not have the authority to employ outside assistance so as to charge the defendant, Sears, Roebuck & Co. with liability for negligent acts or omissions. Before the stock boy would have such authority at the time and place in question, such emergency must have existed as to call for additional assistance outside that, if any, obtainable from defendant's servants and agents. And, if you believe from the evidence that another servant of the defendant was present to have accomplished the work in hand, then the said stock boy had no authority to employ other persons, and your verdict will be, not guilty."

Plaintiff acknowledges that this instruction was tantamount to a directed verdict against him, unless the jury

4

believed that he was the only individual then presently capable of coming to the aid of the stock boy and hence was warranted in his intervention.

In W. B. Conkey Co. v. Bueherer, 84 Ill App 633, the Appellate Court formulated the instruction to be given in cases involving emergency assistance, stating that the controlling issue in determining whether a third person's intervention was warranted was whether the defendant's servants were present in sufficient number to accomplish the work without outside help. Although that case was remanded for a new trial, the Appellate Court strongly intimated that a verdict for the defendant should result by emphasizing that another driver, who was an employee of the defendant, was also present and available.

Although there is no other Illinois authority dealing with this question, the Pennsylvania Supreme Court has held that one attempting to recover on the theory of implied agency arising from an emergency must introduce evidence showing that the volunteer's assistance was required before the issue may be submitted to the jury. In Saldukas v. McKerns, 340 Pa 113, 16 A2d 30 (1940), the plaintiff was injured when a third person, not employed by the defendant, attempted to assist the defendant's employees in starting a stalled truck. A can of gasoline caught fire, and the plaintiff was burned when the third person threw the flaming can across the street. The plaintiff sued the defendant on the theory that the latter was liable for the acts of the third party because he became a servant of the defendant when he assisted with the truck. The evidence showed that three of the defendant's servants, other than the driver, were within 150 feet of the truck when it stalled. The court held (p 31):

"Thus, an emergency may exist, but if there are fellow servants available who can assist, there is

5

no necessity to ask a stranger to help. So here . . . it cannot be said that Marshall had to look to James for help, *without there being evidence to prove that his assistance was necessary.* Since no evidence to this end was introduced, there was no question of necessity for the jury to pass upon. . . ." (Emphasis added.)

■ ■ The evidence in the instant case reveals, as we have heretofore stated, that an employee of defendant was only fifteen or twenty feet away from plaintiff at the time in question and could readily have been called to perform the task which plaintiff volunteered to do. Under these circumstances there appears to us to be no basis for the jury's verdict.

The judgment is reversed.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.