Miller, Appellant, *v.* Delaware County Memorial Hospital.

Argued January 10, 1968. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*David Freeman,* for appellant.

*John S. J. Brooks,* for appellee.

Opinion by Mr. Chief Justice Bell, March 15, 1968:

Plaintiff, an eighty-three-year-old woman, instituted an action in trespass against Delaware County Memorial Hospital seeking to recover damages for injuries sustained when she fell out of her bed. Plaintiff was admitted to defendant hospital January 5, 1964, suffering from bronchopneumonia and heart disease. On January 11, 1964, she fell from her bed. Her complaint alleged that defendant was negligent in failing ". . . to properly secure protective devices on plaintiff's bed. . . ." The complaint further alleges that as the result of the fall plaintiff sustained permanent injuries and "she has been deprived of her ability to earn a livelihood."

Plaintiff testified that while lying in bed she "reached for my pocketbook on the table . . . and I took hold of the rail for support, and down it went and I with it." Both the attending nurse and her superior testified that the rail had been properly secured prior to the fall.

The jury returned a verdict for defendant, and, after plaintiff's motion for a new trial had been dismissed, judgment was entered on the verdict and from this judgment plaintiff took this appeal.

Plaintiff-appellant alleges two grounds for a new trial, both of which are devoid of merit.

Plaintiff does not contend and could not successfully contend that defendant is an insurer. Instead, plaintiff relies expressly upon the doctrine of exclusive control and impliedly on the doctrine of res ipsa loquitur. Neither is applicable.

In *Engle v. Spino*, 425 Pa. 254, 228 A. 2d 745, the Court pertinently said (page 257): " 'The mere happening of an accident . . . does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence: [citing 7 supporting decisions of this Court].' " The Court further stated (page 257): " 'The law is likewise clear

that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93.' "

The leading case on the doctrine of exclusive control in Pennsylvania is *Izzi v. Philadelphia Transportation Co.,* 412 Pa. 559, 195 A. 2d 784. In that case, plaintiff, who was a guest in an automobile which was following defendant's trackless trolley, contended that his injuries were due to a flash caused by a detached overhead pole on defendant's trolley. The Court rejected the application of the exclusive control doctrine, and after analyzing many prior decisions said (pages 564-566):

"Exclusive Control.

"Plaintiff contended and the Court below held that under the aforesaid facts and circumstances the doctrine of exclusive control applied, and the question of P.T.C.'s negligence was therefore and thereunder a question for the jury. This was error. Neither res ipsa loquitur nor the doctrine of exclusive control applies: [citing 13 prior decisions of this Court].

"The doctrine of exclusive control appears to be widely misunderstood. *Exclusive control alone** is not sufficient to invoke or apply the doctrine. For example, an automobile which strikes a pedestrian on the street is in the exclusive control of the driver, yet the principles of negligence and not that of exclusive control apply.** If a pedestrian, or a person on, or step-

---

* Italics in Original Opinion.
[Footnotes in Original Opinion]
"** Even when an automobile is driven off the road on a curve and into a creek and its driver is killed and the plaintiff passen-

ping on or off, a trolley car is injured, the trolley car is in the exclusive control of its operating company, yet the principles of negligence and not that of exclusive control apply.* If a passenger is injured while walking on a railroad track or while getting on or off a train, or if a person is injured by a falling object in a home, the train is in the exclusive control of its operating company and the home is in the exclusive possession of the owner, yet the principles of negligence and not that of exclusive control apply.** If an airplane crashes killing a passenger, the plane was in the exclusive control of the pilot, but the exclusive control doctrine does not apply.*** Finally, and factually directly in point and controlling, when a pole has become dislodged from a standard trolley and with or without an electric flash injures a person, the trolley was in the exclusive control of the operating company, yet (1) the plaintiff must prove by a fair preponderance of the evidence that (a) defendant was negligent in a specific manner and (b) its negligence was the proximate cause of the accident and (2) the doctrines of exclusive control and res ipsa loquitur do not apply: Cases supra.

-------

ger is seriously injured, the test is negligence and the doctrine of exclusive control does not apply. Miller v. Montgomery, 397 Pa., supra.

"* Staller v. Philadelphia Rapid Transit Company, 339 Pa. 100, 14 A. 2d 289; Cutler v. Philadelphia Rapid Transit Company, 319 Pa. 351, 179 Atl. 434.

"** Dobrowolski v. Pennsylvania Railroad Company, 319 Pa. 235, 178 Atl. 488; Philadelphia and Reading Railroad Company v. Hummell, 44 Pa. 375; Stewart v. Morrow, 403 Pa., supra; cf. also, Haddon v. Lotito, 399 Pa. 521, 161 A. 2d 160; Novak v. Neff, 399 Pa. 193, 159 A. 2d 707; Davies v. McDowell National Bank, 407 Pa., supra.

"*** Rennekamp v. Blair, 375 Pa. 620, 101 A. 2d 669."

"Before we discuss infra these cases which support the above mentioned propositions, we deem it wise to reiterate that the doctrine of exclusive control, which has often been termed a dangerous doctrine, is in the last analysis applied only under very unusual conditions and only because of necessity. It negates long established rules of evidence which have become rules of substantive law. . . . The doctrine should be applied only where *all** of the following elements are present: (a) where the thing which caused the accident is under the exclusive control** of or was made or manufactured by the defendant; *and** (b) the accident or injury would ordinarily not happen if the defendant exercised due care, or made or manufactured the article with due care; *and** (c) where the evidence of the cause of the injury or accident is not equally available to both parties, but is exclusively accessible to and within the possession of the defendant; *and** (d) the accident itself is very unusual or exceptional and the likelihood of harm to plaintiff or one of his class could reasonably have been foreseen and prevented by the exercise of due care; *and** (e) the general principles of negligence have not theretofore been applied to such facts."

Judgment affirmed.

---

* Italics in Original Opinion.

** In order to satisfy this requirement the cases have held that plaintiff must prove that defendant had both exclusive control of the injuring agency and exclusive management over the circumstances of the accident: *Izzi v. P. T. Co.*, 412 Pa. 559, 195 A. 2d 784; *Saldukas v. McKerns*, 340 Pa. 113, 115, 16 A. 2d 30; *Annett v. American Stores Company*, 333 Pa. 589, 591-592, 5 A. 2d 97; *Silverman v. Oil City Glass Bottle Co.*, 203 Pa. Superior Ct. 400, 402, 199 A. 2d 509; *Drill v. Genetti*, 200 Pa. Superior Ct. 471, 190 A. 2d 185; Anno., 169 A.L.R. 953; Harper and James, The Law of Torts, §19.7; Prosser, Law of Torts, §42; 65A C.J.S., §220.10 et seq.

Mr. Justice JONES, Mr. Justice COHEN, Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I dissent in this case. Since the decision is more or less based on a factual situation, I will not enter into a discussion of the merits. However, I would like to say that the Majority Opinion has elevated to an almost unreachable height the doctrine of exclusive control. It comes close to nullifying entirely that excellent principle of law.

The illustrations enumerated in the Majority Opinion are disturbing. For instance, the Majority says that if " 'a pole has become dislodged from a standard trolley and with or without an electric flash injures a person,' " the application of exclusive control does not apply, even though admittedly the trolley was in the exclusive control of the operating company. To require the injured person in such a case to prove by a preponderance of the evidence that the defendant was negligent in a specific manner would be effectually to deprive him of justice, for it places on him a burden beyond his capacity to meet.

If I am walking on a sidewalk, concerned only with reaching my destination, and an automobile suddenly invades the pedestrian's lane of travel and strikes me down, why should I have to prove that the driver was negligent? The thing speaks for itself. The motorist could not possibly have been exercising due care and yet allow his car to leave the highway, climb the curb and bowl over pedestrians without even a warning toot. Of course, the driver would have the opportunity to show in any ensuing lawsuit that a factual situation beyond his capacity to cope with, caused the accident, but it is the driver in such a situation who should have the burden of proving nonnegligence, not I who am

carefully pacing the sidewalk and the treadmill of life, and then, without any possible fault of my own, find myself looking up at the ceiling in a hospital bed, ruminating over the strange ways of motorists, and the courts.