## Fulginiti *v.* Diamond Coal & Coke Company, Appellant.

*Practice, C. P.—New trial—Order granting new trial—Judicial discretion.*

1. Whenever a trial court is convinced that a verdict has been obtained through improper influence exerted upon witnesses, it is

not only the right, but it is the duty, of the court in the interest of public justice to order a retrial of the case.

2. A motion for a new trial is always an appeal to the discretion of the trial court, and the action of the lower court thereon is reviewable by the Supreme Court only as it can be made to appear that the court's action was a clear abuse of that discretion.

3. The action of a court in conditioning its grant of a motion for a new trial on the refusal by the defendant to pay a certain sum into court to the use of the plaintiff, in satisfaction of all his claims and demands, is not free from criticism.

Argued Oct. 3, 1917. Appeal, No. 68, Oct. T., 1917, by defendant, from order of C. P. Washington Co., Nov. T., 1916, No. 51, granting a new trial, in case of George Fulginiti v. Diamond Coal & Coke Company. Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries.

Motion for a new trial. Before McILVAINE, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant. The court subsequently granted a new trial. Defendant appealed.

*Error assigned* was the order of the court.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* with him *H. A. Jones,* for appellant, cited: First Nat. Bank of Birmingham v. Fidelity Title & Trust Co., Admr., 251 Pa. 536; McBride v. Daniels, 92 Pa. 332; Bradwell v. Pittsburgh, Etc., Pass. Railway Co., 139 Pa. 404; Lehr v. Brodbeck, 192 Pa. 535; Stauffer v. Reading, 206 Pa. 479.

*Rufus S. Marriner,* with him *James A. Wiley,* for appellee.—The lower court did not abuse its discretion in granting a new trial: First Nat. Bank of Birmingham v. Fidelity Title & Trust Co., 251 Pa. 536; Wirsing v. Smith, 222 Pa. 8.

OPINION BY MR. JUSTICE STEWART, January 7, 1918:

The action of the trial court in conditioning its grant of a new trial on refusal by defendant to pay into court the sum of one thousand dollars to use of plaintiff, in satisfaction of all his claims and demands, the costs to be first deducted thereout, is not free from criticism; but that is now all passed and calls for no further reference, since the defendant declined to accept the terms, and consequently no injury has resulted to it in consequence of the action taken. The trial court expressly and distinctly, in the opinion filed refusing a bill of exceptions to the preliminary decree complained of, bases its action in granting a new trial on the ground that one of the plaintiff's witnesses had been "improperly influenced to testify as he did at the trial," and states further that the interlocutory decree was intended merely as a condition on which the defendant could avoid the new trial which the court had determined the plaintiff was entitled to for the reason above stated, thus making it plainly evident that it was upon the one consideration above mentioned that the new trial was ordered, and that alone. We see no error in this. A motion for a new trial is always an appeal to the discretion of the trial court, and the action thereon is reviewable by us only as it can be made to appear that the court's action was a clear abuse of that discretion. Here the court asserts as a fact that a witness for the plaintiff had been improperly influenced to testify as he did. The testimony in the case is not before us, and we have no way of determining to what extent the testimony of the witness was a departure from his previous declarations; nor is it material that we should be further informed. It is enough to know that to the mind of the court the witness had been improperly influenced. We have no hesitancy in saying that whenever a trial court is convinced that a verdict has been obtained through improper influence exerted upon witnesses, it is not only the right, but it is the duty of the court, in the interest of public justice, to order a

retrial of the case. And that was the case here, as the record before us shows.

The order granting a new trial is affirmed and the appeal dismissed.