Shirley et al., Appellants, *v.* Clark.

Argued October 1, 1970. Before BELL, C. J., JONES, EAGEN, O'BRIEN and POMEROY, JJ.

*James W. Mack, Jr.,* for appellants.

*Carl A. Eck* and *William W. Guthrie,* with them *Raymond H. Conaway,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* and *Wayman, Irvin, Trushel & Mc-Auley,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 19, 1970:

Appellants were injured in an explosion which occurred at defendant-appellee Clark's slaughterhouse on November 27, 1969. On the day of the explosion, appellants went to pick up a hog they had taken to Clark's plant to be butchered. Upon arrival appellants were informed that the hog had not yet been butchered. Appellants entered Clark's slaughterhouse to wait while the hog was butchered. Clark entered a smoke room and called for appellants to follow. Appellant Shirley had just entered the smoke room, and appellant Mc-Cullough was in the doorway of the smoke room, when an explosion occurred which resulted in bodily injury to both appellants.

Appellants instituted suit against appellee Clark, alleging that the explosion was caused by Clark's negligent lighting of a match, without first ascertaining if there was any gas in the area. Clark joined Ugite L. P. Services Div., Inc. as an additional defendant, alleging that Ugite provided him with defective gas tanks, valve stems, etc., and that this defective equipment permitted gas to escape which somehow caused the explosion.

At the conclusion of appellants' evidence, the appellees moved for compulsory nonsuits, on the ground that appellants' evidence was insufficient to prove negligence and proved nothing except the fact that an explosion occurred. The trial Judge granted the non-

suits, and after argument they were affirmed. Appellants then took the present appeal.

The sole issue raised by this appeal is whether the nonsuits were justifiably entered by the lower Court.

It is hornbook law that a compulsory nonsuit can be entered only when it is clear that the plaintiff has failed to establish, by a fair preponderance of the evidence, the claim for which he brought suit. In *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289, we succinctly stated (page 390) : "[A] judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom . . . ."

It is elementary law that the mere happening of an accident does not establish or prove negligence. *McElhinny v. Iliff*, 436 Pa. 506, 260 A. 2d 739; *Laubach v. Haigh*, 433 Pa. 487, 252 A. 2d 682; *Miller v. Delaware Co. Mem. Hosp.*, 428 Pa. 504, 239 A. 2d 340; *Fegely v. Costello*, 417 Pa. 448, 208 A. 2d 243; *Flagiello v. Crilly*, 409 Pa., supra. Rather, the burden of proof is on the plaintiff to prove by a fair preponderance of the evidence that the defendant was negligent and that this negligence was the cause of the injuries for which plaintiff seeks compensation. *Engle v. Spino*, 425 Pa. 254, 228 A. 2d 745; *Nock v. Nock*, 415 Pa. 568, 204 A. 2d 461. Therefore, appellants had the burden of proving more than the mere explosion in order to establish a right of recovery.

The evidence offered by appellants to sustain their burden of proof is as follows: Appellant Shirley testified that defendant Clark had a book of matches in his hand as he bent down near the propane tank, which exploded and injured him (Shirley). However, Shirley also testified that he did not see Clark strike a match. Appellant McCullough testified that he did not

see Clark with any matches and he did not see Clark strike a match. Appellee Clark was called by appellants as for cross-examination, and on direct examination testified that he did not have any matches in his hand and did not strike any matches. Dr. Bernard Lewis was called as an expert witness by appellants, and, although his testimony established that the explosion was a propane gas explosion, he was unable to offer any testimony as to the cause of the explosion.

It is clear that appellants proved only the occurrence of an explosion, and did not prove defendants were guilty of any negligence which caused the accident.*

Order affirmed.

Mr. Justice Cohen and Mr. Justice Roberts took no part in the consideration or decision of this case.

---

* In *First Meth. Epis. Church v. Bangor Gas Co.*, 7 Pa. D. & C. 2d 730, Woodring, J., aptly said (page 737) : " 'Negligence on the part of the defendant cannot be presumed from the mere showing of an explosion or the happening of the accident. In order to recover plaintiff must produce competent evidence to show wherein defendant failed in its duty to plaintiff, and further that the breach of that duty was the cause of plaintiff's loss. . . .' " This Opinion was affirmed, per curiam, by the Supreme Court of Pennsylvania, at 388 Pa. 115, 130 A. 2d 517 (1957).