Quirk, Appellant, *v.* Girard Trust Bank et al.

357

Argued June 12, 1974. Before Watkins, P. J., Jacobs, Hoffman, Cercone, Price, Van der Voort, and Spaeth, JJ.

*Charles F. Quinn,* with him *Frank L. Caiola,* and *Mazzocone and Quinn,* for appellant.

*James S. Kilpatrick, Jr.,* with him *Haws & Burke,* for appellees.

Opinion by Van der Voort, J., December 11, 1974:

Appeal is taken to this Court from the Order for Compulsory Non-suit, entered at jury trial on the 23rd day of January, 1973, by the Honorable Louis D. Stefan, Judge, and affirmed by a Court en Banc after hearing, on January 17, 1974.

On September 19, 1969, Plaintiff, an apprentice with Cutler Industries, and Elliot Athey, to whom

Plaintiff was assigned for training, proceeded to a branch of the Girard Trust Bank to repair a malfunctioning outdoor sign. They entered the bank premises to supply power to the sign, after which both he and Plaintiff examined the appearance of the sign to attempt to discern the problem. Athey, by climbing a ladder and removing an access door, was able to peer into the sign. Having then diagnosed the problem, Athey sent Plaintiff to their supply house for parts, referred to as ballasts. In the interim of Plaintiff's absence, Athey testified that he went inside the building to turn off the electricity supplying the sign, and began to work upon the sign. At Plaintiff's return to the scene, Athey called him to mount a ladder to help in the removal of a defective part. While Plaintiff's hands were around said part, and his hands and arms necessarily inside the body of the sign, Plaintiff received a jolt of electricity which forced him loose from his mount on the ladder and caused him to fall to the pavement below, sustaining injury.

Plaintiff's case in trespass was grounded on the theory that someone within the Girard Bank building had negligently resupplied power to the sign, thus causing Plaintiff's injury. Original Defendant Girard Trust Bank brought in the Additional Defendants, Plaintiff's employer and his supervisor.

At trial, Plaintiff's counsel interrogated at length the Additional Defendant, Athey, as on cross-examination, to establish the sequence of events prior to Plaintiff's injury. It was Athey's uncontroverted testimony that he terminated the supply of electricity to the sign before he, and shortly thereafter, the Plaintiff, began their repair of the sign. Further it was Athey's testimony that his hands had first been on the piece of equipment for the removal of which he had sought Plaintiff's assistance and from which Plaintiff alleged he received the electrical shock.

A lengthy examination of Plaintiff followed, and the facts as he described them were as aforestated.

On the second day of trial, Plaintiff's counsel attempted to call an electrical expert witness whose name he had not specified in answer to interrogatories filed by Girard Bank early in the proceedings. The trial judge refused such testimony on the ground that Plaintiff should have mentioned his name and the nature of his proposed testimony earlier, and that such testimony at the stage of trial immediately before Defendant's case began would surprise and prejudice Defendant.

Plaintiff's counsel then admitted that there was as yet in the trial no opinion evidence to permit the jury to conclude that there could be liability on Girard Bank. He thereupon proposed to re-call Additional Defendant Athey and to attempt to qualify him as an expert in the electrical field. Counsel further proposed to the Court that counsel be permitted to read Athey's deposition to the jury in an apparent attempt to impeach said witness. The Court refused both requests on the grounds that Athey had been interrogated fully during trial and that counsel had therein used the deposition, the Court concluding that it was too late in the proceedings to allow such, a "testimonial landmark" having been reached.

We shall first address the granting of Defendant's motion for non-suit. The language of *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, 139, 153 A. 2d 477, 480 (1959), is clear and controlling: "When a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other

evidence and reasonable inferences therefrom which are inconsistent therewith." In the instant case, Plaintiff's argument is grounded upon circumstantial evidence. Testimony was elicited from Athey that he turned the sign off before attempting to remove the faulty equipment. This he did at the controlling switchbox, located inside the building. Ordinarily the switch was operated by an automatic clock device which Athey believes he overrode by moving the main switch to the "off" position. Athey testified that the malfunctioning ballast box was not constructed so that it could retain a charge of electricity when the main switch was off. Testimony was heard by Plaintiff that his hands surrounded the ballast box for a certain period of time, as he attempted to remove it, before the shock came to him. It was Plaintiff's contention that someone in the building turned the switch on so that electricity was sent to the sign.

The Court below based its order for non-suit on its belief that the jury, at best, could only surmise as to the issue of Defendant's negligence, the evidence being legally insufficient. Indeed, in the face of Plaintiff's counsel's rather disserving statement as to his own lack of opinion testimony on liability, this conclusion was reasonable.

The question is simply whether the evidence presented, would support a determination by a jury of liability. This jury function must be allowed to be performed when the jury may, based on the evidence, albeit circumstantial, conclude the existence or non-existence of liability. *Paul v. Hess Brothers, Inc.*, 226 Pa. Superior Ct. 92, 312 A. 2d 65 (1973). It is not a requirement that the evidence lead irrefutably to only one conclusion, only that the jury be freed from the need to guess at a conclusion. *Jones v. Treegoob*, 433 Pa. 225, 249 A. 2d 352 (1969).

We have carefully reviewed the evidence in a light most favorable to Plaintiff, and the opinion of the court below. *Fady et ux. v. Danielson Construction Co.,* 224 Pa. Superior Ct. 33, 302 A. 2d 405 (1973). Based upon the uncontradicted testimony that Athey turned the sign off, that Athey touched the offending ballast box first, and that Plaintiff touched such box before the shock came to him, we believe that Plaintiff established a prima facie case. We view the evidence as presented by Plaintiff in support of his allegation of liability to be more than merely a showing that an accident happened and that Plaintiff was somehow the victim or perpetrator. We therefore disagree with the lower court's reliance on the holding of *Shirley et al. v. Clark,* 441 Pa. 508, 271 A. 2d 868 (1970). The evidence should have gone to the jury for fact-finding. We are constrained to disagree with the lower court in its conclusion that Plaintiff did not present evidence from which a jury could reasonably have inferred or deduced a finding. On this issue we reverse the lower court.

In view of our foregoing decision, we deem it unnecessary to reach Appellant's other issues dealing with the presentation of evidence and the use of one Additional Defendant as an expert witness.

The order of the court below granting a compulsory non-suit is reversed and the case is remanded for new trial.

HOFFMAN and SPAETH, JJ., concur in the result.