526 A.2d 804

**Mary J. ARCIDIACONO and Thomas Arcidiacono, Appellees,**

v.

**TIMELESS TOWNS OF THE AMERICAS, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 19, 1987.

Filed June 1, 1987.

Timothy I. Mark, Harrisburg, for appellant.

E. Franklin Martin, Waynesboro, for appellees.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

WIEAND, Judge:

In this action to recover damages for personal injuries sustained in a fall from a stage, the jury returned a verdict in favor of the defendant-owner of the premises. Thereafter, the trial court ordered a new trial unless the defendant agreed to pay the plaintiff one-half of the settlement figure which had been offered prior to trial. Because we find that the trial court abused its discretion, we reverse.

On April 17, 1982, Mary J. Arcidiacono, the appellee, was injured when she fell from a stage while attending a meeting on defendant's premises. She, along with her husband, commenced an action in trespass alleging that appellant's

negligence had caused her fall. The evidence produced at trial showed that the stage from which appellee had fallen was a temporary structure which was eight feet in width, twenty-eight feet in length and sixteen inches in height. The stage had been placed between two pilasters in such a manner as to leave a space of about one foot between the rear edge of the stage and the wall which ran between the pilasters. A curtain had been hung about six inches from the rear edge of the stage, between the edge of the stage and the wall. Thus, a space existed between the end of the stage and the curtain, and also between the curtain and the wall. The defendant-owner's witness testified that the gap between the edge of the stage and the curtain had been visible; and, in fact, photographs introduced into evidence at trial confirmed this testimony. The evidence showed, however, that the second gap, between the curtain and the wall, had not been visible.

Appellee, according to her own testimony, knew that she was walking near the edge of the stage and was aware of the fact that the curtain was located a short distance away from the edge of the stage. She stated that as she moved to step around the person who had been standing next to her, she fell between the stage and the wall. She testified that she had no idea of what had caused her to fall and that, although the lights had been dim, she had had no difficulty seeing where she was walking.

After hearing the evidence, the jury returned a verdict for the defendant-owner, finding that although it had been negligent, its negligence had not been a substantial factor in bringing about appellee's injury. Appellee filed a timely motion for a new trial alleging that the verdict was against the weight of the evidence.[1] The trial court entered an

1. Appellant argues that appellee waived this issue by failing to request that the notes of testimony be transcribed and by filing a post-trial motion containing only a boilerplate allegation that the verdict was against the weight of the evidence. We disagree. After appellee waived her right to have the notes of testimony transcribed, appellant requested a transcript of the testimony and paid the costs thereof. As a result, neither the trial court nor this Court has been without the benefit of the complete record. We have also examined appellees'

order granting the motion unless, within twenty days, the defendant offered to pay appellee one-half of the settlement figure which it had offered before trial. Defendant filed the instant appeal.[2]

In *Fulginiti v. Diamond Coal & Coke Co.*, 259 Pa. 344, 103 A. 51 (1918), plaintiff had brought suit against defendant alleging that plaintiff's personal injuries had been caused by defendant's negligence. After the jury had returned a verdict for defendant, the trial court ordered that a new trial be held on the ground that one of plaintiff's witnesses had been improperly induced to testify in the manner in which he had testified at trial. The trial court expressly conditioned its grant of a new trial, however, on defendant's refusal to pay plaintiff the sum of $1,000.00. In affirming the trial court's order, the Supreme Court said:

The action of the trial court in conditioning its grant of a new trial on refusal by defendant to pay into court the sum of one thousand dollars to use of plaintiff, in satisfaction of all his claims and demands, the costs to be first deducted thereout, is not free from criticism; but that is now all passed and calls for no further reference, since the defendant declined to accept the terms, and consequently no injury has resulted to it in consequence of the action taken. The trial court *expressly and distinctly* ... base[d] its action in granting a new trial on the ground that one of the plaintiff's witnesses had been "improperly influenced to testify as he did at the trial," and state[d] further that the interlocutory decree was intended merely as a condition on which the defendant could avoid the new trial which the court had determined

post-trial motion and conclude that it was of sufficient particularity to apprise the trial court of the manner in which appellee believed the verdict to be against the weight of the evidence.

2. Appellee has not filed a cross-appeal in this matter. Therefore, her allegation that the trial court erred in charging the jury on contributory negligence is not before us. "An appellee who files no counterappeal cannot raise issues not raised by the appellant." *Philadelphia Bond & Mortgage Co. v. Highland Crest Homes, Inc.*, 235 Pa.Super. 252, 256 n. 1, 340 A.2d 476, 479 n. 1 (1975). See: *Pennsylvania Human Relations Commission v. Chester Housing Authority*, 458 Pa. 67, 72 n. 12, 327 A.2d 335, 338 n. 12 (1974).

the plaintiff was entitled to for the reason above stated, *thus making it plainly evident that it was upon the one consideration above mentioned that the new trial was ordered, and that alone.* We see no error in this. *Id.,* 259 Pa. at 346, 103 A. at 51 (emphasis added). See also: *Raymond L.J. Riling, Inc. v. Schuck,* 346 Pa. 169, 29 A.2d 693 (1943); 10 Std.Pa.Prac.2d § 62:104.

■ In the instant case, the trial court made no express or distinct finding that the jury's verdict was against the weight of the evidence or that it was otherwise assailable. A close reading of the court's opinion reveals that the court was concerned, at least in part, with insulating appellee from her poor judgment in refusing appellant's pre-trial settlement offer without "rob[bing appellant] of the fruits of trial." Yet it seems clear that the effect of the trial court's order was precisely to rob appellant of the fruits of its victory while at the same time awarding appellee a recovery to which the jury had found she was not entitled. To subvert the verdict of the jury in this manner was a clear abuse of discretion and will not be permitted to stand.

Moreover and in any event, even if the trial court's opinion were to lend itself to an interpretation suggesting that the court deemed the verdict contrary to the weight of the evidence, we would be constrained to find that the court abused its discretion. The applicable law was stated in *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 288–289, 265 A.2d 516, 517–518 (1970) as follows:

"The grant of a new trial is within the sound discretion of the trial judge, who is present at the offering of all relevant testimony, but that discretion is not absolute; this Court will review the action of the court below and will reverse if it determine[s] that it acted capriciously or palpably abused its discretion." *Austin v. Ridge,* 435 Pa. 1, 4, 255 A.2d 123, 124, (1969) and cases there cited. "A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion: [citation omitted]. Neither should it ordinarily be granted on

the ground that the verdict was against the weight of the evidence where the evidence is conflicting and the jury might have found for either party." *Carroll v. City of Pittsburgh*, 368 Pa. 436, 445–446, 84 A.2d 505, 509, (1951). A new trial should be awarded on the ground that the verdict is against the weight of the evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. *Jones v. Williams*, 358 Pa. 559, 564, 58 A.2d 57 [ (1948) ]; *Carroll v. Pittsburgh, supra*, 368 Pa. at 447, 84 A.2d 505; *Brown v. McLean Trucking Co.*, 434 Pa. 427, 429–430, 256 A.2d 606 (1969).

See: *Hawthorne v. Dravo Corp.*, 352 Pa.Super. 359, 365, 508 A.2d 298, 301 (1986); *Cianci v. Burwell*, 299 Pa.Super. 387, 390, 445 A.2d 809, 810 (1982).

 In the instant case, appellee testified that she had been aware of the space which existed between the edge of the stage and the curtain at the time of her fall. She also stated that she had had no difficulty seeing where she was walking and that she simply did not know what had caused her to fall. Although the evidence showed that the space which had been permitted to exist between the curtain and the wall had not been apparent, there was no evidence that this space had any causal connection with appellee's fall. Under the circumstances, therefore, a jury could find consistently with the evidence that appellee had failed to prove that appellant's negligence in allowing the space between stage and wall was a substantial factor in bringing about her fall.

In its opinion, the trial court placed emphasis upon the fact that appellant had failed to explain on the defense side of the case how the fall had occurred. This was erroneous. The law imposed no such burden on the defense.

It is settled in the law that except in rare situations not here involved the mere occurrence of an injury does not prove negligence and that an admittedly negligent act does not necessarily entail liability; rather even when it is

established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct and the plaintiff's injury. Stated another way, the defendant's conduct must be shown to have been the proximate cause of plaintiff's injury.

*Hamil v. Bashline,* 481 Pa. 256, 264–265, 392 A.2d 1280, 1284 (1978). See: *Shirley v. Clark,* 441 Pa. 508, 510, 271 A.2d 868, 869 (1970); *Stenson v. Rechutti,* 416 Pa. 548, 550, 207 A.2d 760, 761 (1965); *Raibley v. Marvin E. Kanze, Inc.,* 221 Pa.Super. 234, 238, 289 A.2d 161, 163–164 (1972).

A review of the evidence produced at trial demonstrates support for the jury's finding that appellee failed to carry her burden of proving the essential element of causation. The jury could readily find that she failed to prove that her fall had been caused by the appellant's negligence and not by her own inattention. The verdict of the jury was consistent with the evidence, and the trial court should not have substituted its view for the findings of the jury.

The order awarding a new trial is reversed, and the verdict of the jury is reinstated.