632 A.2d 1309

Lucy E. GALLAGHER, and Forrest E. Gallagher, Her Husband

v.

Eugene MARGUGLIO, D.O., and Clarion Osteopathic
Community Hospital, Appellees.

Lucy E. GALLAGHER and Forrest E. Gallagher, Her Husband

v.

David E. HUMPHREY, D.O., and George
J. Jaegers, D.O., Appellees.

Appeal of Lucy E. GALLAGHER, and Lucy E.
Gallagher, Administratrix of the Estate of
Forrest Gallagher, Deceased.

Superior Court of Pennsylvania.

Argued April 14, 1993.

Filed Sept. 13, 1993.

Reargument Denied Nov. 23, 1993.

452

Dominic D. Salvatori, Pittsburgh, for appellant.

John W. Jordan, IV, Pittsburgh, for appellee Marguglio.

Before WIEAND, POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the judgment entered in the Court of Common Pleas of Clarion County after a jury found that appellee was negligent for failing to diagnose appellant's rectal cancer but did not award any damages to the appellant. We affirm.[1]

Appellant was appellee's patient from April of 1985 until October of 1986. During that period, appellant complained of loss of weight, loss of appetite, diarrhea, hemorrhoids and blood in her stool. Another doctor subsequently diagnosed appellant as having cancer of the rectum in January of 1987. Appellant brought a cause of action for medical malpractice against appellee, Eugene Marguglio, D.O., alleging that appellee was negligent for failing to order a sigmoidoscopy, a test to detect rectal cancer. Appellee maintained that he recommended to appellant that she have a sigmoidoscopy but that appellant refused to have the test.

Following the trial, a jury, in response to special interrogatories, returned the following verdict: 1) that appellee was

---

1. Although Clarion Osteopathic Community Hospital, David E. Humphrey, D.O., and George J. Jaegers, D.O. are listed in the caption, we note that a non-suit was granted in favor of Clarion Osteopathic Community Hospital and David E. Humphrey, D.O. We also note that the action against George J. Jaegers, D.O. was dismissed without prejudice pursuant to a stipulation by the parties.

negligent 2) that appellee's negligence was a substantial factor in bringing about appellant's injury and 3) that appellant's damages were valued at zero dollars. Appellant filed post-trial motions requesting that the trial court either mold the verdict to include an award of damages or grant a new trial on damages. Appellant's post-trial motions were denied, and this appeal followed.

Herein, appellant argues that the jury verdict was inadequate based on the evidence presented, and that the trial court's failure to grant a new trial was an abuse of discretion.

■ The decision to grant a new trial because of the excessiveness or inadequacy of the judgment is a matter within the sound discretion of the trial court, and its decision will be sustained by an appellate court in the absence of a clear abuse of discretion or error of law which affected the judgment or the outcome of the case. *Botek v. Mine Safety Appliance Corp.*, 531 Pa. 160, 611 A.2d 1174 (1992); *Stokan v. Turnbull*, 480 Pa. 71, 389 A.2d 90 (1978).

> The amount of a jury verdict will rarely be held inadequate on appeal. Moreover, we emphasize that it is the province of the jury to assess the evidence and to accept or reject conflicting testimony given by witnesses. Even if testimony is uncontradicted, the jury is not required to accept everything or anything a party presents.

*Dawson v. Fowler,* 384 Pa.Super. 329, 558 A.2d 565, 567 (1989), *appeal denied,* 523 Pa. 636, 565 A.2d 445 (1989) (citations omitted). A verdict will not be set aside if the verdict bears a reasonable resemblance to the proven damages. *Hill v. Commonwealth, Bureau of Corrections,* 124 Pa.Commw. 172, 177, 555 A.2d 1362, 1365 (1989).

■ We have held that seemingly low and unfair jury verdicts are nevertheless adequate when the jurors are presented with conflicting testimony on liability, contributory negligence or degree of injury. *Dawson, supra.* Presently, the degree of appellant's injury was contested.

■ Appellant contends that she offered evidence of the pain and discomfort that she experienced between the time that appellee should have diagnosed her condition and the time of her surgery in January of 1987. Appellant testified that she experienced pain in her "side around to [her] back." N.T., 10/29/91, p. 159. She also stated that she was "hurt and sick" in October of 1986. N.T., 10/29/91, p. 167. According to appellee's records, appellant initially complained of a pain in her left side, but she did not inform the doctor of continued pain and suffering. N.T., 10/31/91, p. 593.

Appellant argues that, irrespective of the conflicting testimony regarding appellant's pain, it is "common knowledge that the kind of symptoms reported by [appellant] to [appellee] would produce pain, discomfort and irritation." Appellant's brief at 20. However, appellant has failed to offer either expert testimony or authority to substantiate her claim that rectal cancer is a type of cancer that is commonly known to cause pain and suffering. While we agree that certain injuries or diseases are known to be painful, "those injuries are obvious in the most ordinary sense: the broken bone, the stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, and all the consequences of any injury traceable by medical science and common experience as sources of pain and suffering." *Boggavarapu v. Ponist*, 518 Pa. 162, 542 A.2d 516 (1988), *citing Thompson v. Iannuzzi*, 403 Pa. 329, 169 A.2d 777 (1961).

■ "Pain may be subjective, and, if believed, is compensable." *Boggavarapu v. Ponist*, 518 Pa. 162, 542 A.2d 516 (1988), *citing, Laurelli v. Shapiro*, 416 Pa. 308, 206 A.2d 308 (1965). If an injury is not shown to be a type that is painful, the pain experienced is subjective, and the triers of fact are not obliged to believe that every injury causes pain or the pain alleged. *Id.* The jury was presented with conflicting testimony regarding appellant's pain and suffering during 1986. The jury must assess the evidence and may accept or reject conflicting testimony given by witnesses. *Dawson, supra.* This court will not substitute its judgment for that of the jury. *Id.*

■  Appellant's second contention is that appellee's failure to diagnose her cancer caused the cancer to spread to the tissue surrounding the rectum, and, consequently, reduced appellant's chances of survival, increased the likelihood of recurrence of cancer, increased her fear of recurrence and required appellant to receive radiation treatment and chemotherapy.  Appellant offered expert testimony to indicate that the cancer had spread during the period between when she should have had the sigmoidoscopy and when she actually had the sigmoidoscopy.  However, conflicting expert testimony was presented regarding whether the spreading of the cancer actually reduced appellant's chances of survival, increased her risk of recurrence of cancer or affected medical treatment of the cancer.

In regard to appellant's particular type of cancer, an expert witness testified that if the cancer had not recurred within five years, the chance of a recurrence was extremely low.  The witness elaborated that the likelihood that appellee had been cured of all cancer was very high.  N.T., 10/25/91, p. 29.  The expert witness further testified that appellant's prognosis would not have changed had the tumor been removed sooner.  N.T., 10/25/91, p. 139.  Another expert testified that the possibility of a recurrence exists beyond the five-year mark, and that the delayed diagnosis had increased the chance of recurrence.  N.T., 10/30/91, pp. 533–534.  The jury was presented with inconsonant testimony concerning the possibility of appellant suffering a recurrence of cancer.  The jury could have concluded from the evidence that no significant possibility existed for appellant to suffer a recurrence.  Also, the jury could have found that appellant had no significant future fear of recurrence for which she was entitled to be compensated regardless of any failure to diagnose her cancer at the earliest possible time.  It is the duty of the jury to assess a witness' testimony and to accept or reject that testimony.  *Elza v. Chovan*, 396 Pa. 112, 115, 152 A.2d 238, 240 (1959).  Considering the testimony of the expert witnesses, the jury may have found that the evidence did not show that appellant's chances

of survival would have been any greater if the tumor had been surgically removed sooner.

Appellant, additionally, contends that the spread of the cancer into the surrounding tissue caused her to undergo radiation therapy and chemotherapy. Appellant claims that the radiation therapy and chemotherapy resulted in the following: 1) special medical damages for the cost of the treatment; 2) pain and discomfort resulting from the side effects of the treatment; and 3) an increased risk of new primary tumors caused by the treatment and the consequent increased fear of such tumors occurring.

Appellee presented an expert witness who testified that radiation therapy and chemotherapy were appropriate as treatment for appellant's cancer regardless of whether the cancer had spread into the surrounding tissue. N.T., 10/25/93, p. 28. Appellant's expert stated that radiation therapy and chemotherapy *may* not have been necessary had the cancer been detected sooner. N.T., 10/30/91, p. 529. Therefore, it was for the jury to determine whether the delayed diagnosis was associated with appellant receiving radiation treatment or chemotherapy.

The trial court stated the following in its decision not to grant appellant a new trial:

> Based on the evidence detailed in the preceding discussion, the failure of the jury to award any damages to [appellant] does not shock this court's sense of justice. *Burrell v. Philadelphia Electric Company*, 438 Pa. 286, 289, 265 A.2d 516, 518 (1970). 'A new trial should not be granted because of a mere conflict in testimony or because the trial judge ... would have arrived at a different conclusion. Neither should it ordinarily be granted ... where the evidence is conflicting and the jury might have found for either party. Where the jury's verdict is supported by the evidence ... it will be upheld ...' *Id.* at 289, 285 [265] A.2d at 518; *Arcidiacono v. Timeless Towns of the Americas, Inc.*, 363 Pa.Super. 528, 532–533, 526 A.2d 804, 806–807 (1987) (citations omitted).

With these standards in mind, we do not believe that the jury's verdict of zero damages is so contrary to the weight of the evidence that disturbing the verdict is imperative.

Trial Court Opinion, 4/14/92, pp. 7–8.

We find that the trial court's decision not to grant appellant a new trial was not an abuse of discretion. During the trial, the jury was presented with conflicting testimony on several issues. It is duty of the jury to assess the evidence and to accept or reject conflicting testimony given by witnesses. *Elza, supra.* Since the verdict bears a reasonable resemblance to the evidence, we see no reason to disturb the judgment.

Judgment affirmed.

HESTER, J., files a dissenting opinion.

HESTER, Judge, dissenting.

I respectfully dissent. The jury determined that appellee was negligent in failing to diagnose appellant's rectal cancer for a period of eighteen months.[1] The evidence indicates that as a result of that failure, appellant experienced significant pain and discomfort during that period. Once the jury determined that appellee's negligence caused appellant injury, appellant was entitled legally to be compensated for all her damages, which include pain, suffering, and inconvenience. *Todd v. Bercini,* 371 Pa. 605, 92 A.2d 538 (1952).

I do not believe that the pain suffered by appellant herein is equivalent to the pain at issue in *Boggavarapu v. Ponist,* 518 Pa. 162, 542 A.2d 516 (1988). There, the plaintiff suffered a dog bite and was awarded his medical costs but no amount for pain and suffering. The trial court granted a new trial, based on case law providing that once a jury determines that the plaintiff suffered an injury and the defendant was liable for

1. Since the jury determined that appellee was negligent, it implicitly disbelieved his testimony that he had suggested that appellant have a sigmoidoscopy, but she refused. Accordingly, it is inappropriate to give significance to this testimony in upholding the award of zero damages.

the injury, the plaintiff is entitled to be compensated for pain and suffering.

Our Supreme Court reversed and held that in appropriate circumstances, as in the case before it, a jury may determine that no **compensable** pain had been suffered by the plaintiff. The Court reasoned that the factfinder is permitted to believe that certain pain is part of living and that some types of momentary or transient pain do not warrant a monetary award. The Court noted that certain injuries, such as a broken bone, stretched muscle, twist of the skeletal system, injury to a nerve, organ or their function, are the types of injuries that will have such an accompanying amount of pain that the jury's failure to award pain and suffering will require grant of a new trial. It concluded that the injury before it, a dog bite, was not necessarily that type of injury.

In the present case, the evidence established that appellant did not experience transient or momentary pain. She suffered eighteen months due to undiagnosed cancer, which involves injury to an organ. This pain is *not* part of ordinary, every-day living. The majority's application of *Boggavarapu* herein is an unwarranted expansion of its holding, which was not intended to abrogate our longstanding precedent that a plaintiff is entitled to be compensated for all damages resulting from injuries caused by a negligent tortfeasor. Since the amount of damages awarded herein bears no reasonable resemblance to appellant's damages, she is entitled to a new trial. *See Todd v. Bercini, supra; Bortner v. Gladfelter,* 302 Pa.Super. 492, 448 A.2d 1386 (1982); *Mueller v. Brandon,* 282 Pa.Super. 37, 422 A.2d 664 (1980); *Little v. Jarvis,* 219 Pa.Super. 156, 280 A.2d 617 (1971).