**Butinetz v. Hohnhorst**

C.P. of Lackawanna County, no. 95-CV-3664.

*P. Timothy Kay,* for plaintiff.
*David E. Heisler,* for defendant.

MINORA, *J.,* March 10, 1998—This matter is before the court by way of plaintiff's motion for post-trial relief pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure. Following a jury trial in June of 1997, the jury concluded that the defendant, Woodrow Hohnhorst, was negligent, but his negligence was not a substantial factor in bringing about the plaintiff's, Michael Butinetz's, harm. As a result, the jury awarded zero damages despite the plaintiff claiming injuries as a result of the accident. The plaintiff has petitioned for a new trial.

The plaintiff, Michael Butinetz, has requested post-trial relief on the grounds that the jury's verdict was against the weight of the evidence presented at trial. The court may properly consider plaintiff's motion for a new trial on the basis that the verdict was against the weight of the evidence even though no objection was raised before the jury was discharged, as no claim was made that the verdict was inconsistent, irrational, or problematic, and the verdict was not incapable of being understood. *Lewis v. Evans,* 456 Pa. Super. 285, 287, 690 A.2d 291, 292 (1997).

Plaintiff makes no appeal for error in the court's charge to the jury, which clearly allowed the jury to return a zero-damages verdict if the plaintiff had not met his burden of proof. Nor was any objection made during trial to the court's charge to the jury. If no objection is made, an error which could have been corrected in pretrial proceedings or during trial by timely objection may not constitute a ground for post-trial relief. Pa.R.C.P. no. 227.1(b)(1), note of the Civil Procedural Rules of Committee. All exceptions to the charge

to the jury must be taken before the jury returns. Pa.R.C.P. 227(b).

## DISCUSSION

"[A] new trial should be awarded [only] when [a] jury's verdict is so contrary to the evidence as to shock one's sense of justice . . . ." *Thompson v. City of Phila-delphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985). See also, *Ditz v. Marshall,* 259 Pa. Super. 31, 35, 393 A.2d 701, 703 (1978). "[A] jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." *Neison v. Hines,* 539 Pa. 516, 521, 653 A.2d 634, 637 (1995). Where, however, evidence suggests another cause for the plaintiff's complaints, or the evidence calls into reasonable question the plaintiff's credibility, a verdict of zero damages is not to be set aside. See *e.g., Gallagher v. Marguglio,* 429 Pa. Super. 451, 455, 632 A.2d 1309, 1311 (1993).

The decision to grant a new trial on the grounds of inadequacy of the verdict is left to the discretion of the trial court, and the exercise of this discretion will not be interfered with unless there is a gross abuse thereof. Standard Pa. Practice 2d §62:69. A verdict in an action for a personal tort may be set aside as inadequate when, and only when, it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or in some instances where there was a vital mistake on the part of the jury, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. *Id.*

The parties to this case agree that on August 11, 1993, the vehicle of the defendant, William Hohnhorst, rear-ended the plaintiff's vehicle. However, plaintiff's principal argument in this motion is that the jury verdict

was against the weight of the evidence. This assertion is based on the testimony of expert medical witnesses called at trial. The plaintiff feels that all the expert medical testimony indicated that he was injured in the accident.

The plaintiff relies on the following: the testimony of Dr. Gary Ross, an expert for the plaintiff; the deposition of Dr. Charles Newton which was read into evidence; the testimony of numerous lay witnesses such as State Police Trooper Sivahop; the plaintiff and the defendant to support his contention that the jury verdict was against the weight of the evidence and a new trial should be ordered. However, this court does not reach the same conclusion. We are cognizant that expert testimony is to be received by the jury just as they would receive any other opinion testimony, and the court and jury are not bound by an opinion of an expert; these opinions are to be considered with other evidence and may be rejected in whole or part. Standard Pa. Practice 2d §55:14.

The physical condition of the plaintiff and the effect the accident at issue had on his condition have been disputed by both sides in this action. The plaintiff has been and still continues to suffer from many physical ailments. The deposition of Dr. Holla, an expert medical witness for the defendant, was read into the record at trial. Dr. Holla was of the opinion that as of the date he had seen the plaintiff, he had no problems which were in any way related to the motor vehicle accident. (Dep. Dr. Holla, pp. 12-14.) It was further noted that the plaintiff was suffering from bilateral carpal tunnel syndrome, as well as headaches and neck pain which were attributable to spondylosis, which was not related to the motor vehicle accident. (*Id.*) It was, therefore, Dr. Holla's opinion that the plaintiff's right shoulder pain was due to the carpal tunnel syndrome and/or the cervical spondylosis, and/or some degree of arthritis,

none of which were related to the motor vehicle accident. (*Id.* at p. 14.)

The testimony of Dr. Newton, an expert medical witness for the plaintiff, also stated that the plaintiff was suffering from preexisting arthritis in his right shoulder. (Dep. Dr. Newton, p. 17.) He also stated that the plaintiff's complaints of right shoulder pain were consistent with his arthritis. (*Id.* at p. 32.) He also noted that arthritic changes were causing problems with the plaintiff's spinal cord. (*Id.* at p. 20.) The plaintiff is also under treatment for high cholesterol and hypertension which can cause headaches, lightheadedness and dizziness. (*Id.* at p. 24.)

Upon considering the extensive evidence presented at trial regarding the plaintiff's preexisting physical condition and his physical condition following the accident in question, and also considering the jury's function as the finder of fact, we hold that the jury's verdict was not so contrary to the evidence as to shock one's sense of justice and therefore a new trial should not be awarded. *Thompson, supra.*

## CONCLUSION

As a matter of law, the jury had been charged by the court that it had the option of returning zero damages. No objection was made to such a charge at any stage of the trial. Therefore, this court finds that it was fairly within the province of the jury to reasonably assess the credibility of the plaintiff's case and his preexisting conditions in concluding that there were no compensable injuries. The verdict of the jury was not so against the weight of the evidence so as to shock one's sense of justice.

For all the reasons listed above, the plaintiff's motion for post-trial relief is denied. An appropriate order follows.

## ORDER

And now, to wit, March 10, 1998, it is hereby ordered that the plaintiff's motion for post-trial relief is denied.