## Leary v. Horn

C.P. of Lehigh County, no. 1997-C-2438.

*Ronald J. Gordon,* for plaintiff.
*Kevin C. Reid,* for defendants.

FORD, *J.,* March 8, 2000—The plaintiff, Jane Leary, and defendant, John Horn, were involved in an automobile accident on January 16, 1996, in the City of Allentown. The accident was caused by the negligence of defendant, John Horn. The defendant admitted this at the jury trial which occurred on November 22 and 23, 1999.

As a result of the automobile accident, the plaintiff, Jane Leary, claimed that she suffered soft tissue injury to her upper back, neck and arms. However, the evidence tended to establish a minimal impact car accident.

Specific interrogatories were submitted to the jury. The jury responded that the negligence of defendant, John Horn, was a substantial factor in bringing about harm to plaintiff, Jane Leary. However, the jury wrote "none" on the special interrogatory in response to the following: "Question 2: State the amount of damages sustained by the plaintiff, Jane Leary."

In view of these responses to the special interrogatories, the court, on November 23, 1999, molded the verdict to read that a verdict was entered in favor of defendant, John Horn, and against the plaintiff, Jane Leary.

The plaintiff, through counsel, filed a motion for post-trial relief under Pa.R.C.P. 227.1(1), on December 1, 1999. A brief accompanied that motion. Defense counsel filed a response to the motion on January 27, 2000. That response was almost two months after the motion. Additionally, we do not have the benefit of defendant's argument in opposition to the post-trial motion because defense counsel did not file a brief accompanying the response.

In the post-trial motion, the plaintiff seeks a new trial because "[t]he verdict of the jury . . . is so contrary to the evidence that it shocks one's sense of justice."

The following discussion in *Gallagher v. Marguglio,* 429 Pa. Super. 451, 632 A.2d 1309 (1993), *allocatur denied,* 538 Pa. 612, 645 A.2d 1316 (1994), sets forth the standard for us to determine whether the verdict of the jury should be set aside and a new trial be granted on the issue of damages.

"The decision to grant a new trial because of the excessiveness or inadequacy of the judgment is a matter within the sound discretion of the trial court, and its decision will be sustained by an appellate court in the absence of a clear abuse of discretion or error of law which affected the judgment or the outcome of the case. . . .

"The amount of a jury verdict will rarely be held inadequate on appeal. Moreover, we emphasize that it is the province of the jury to assess the evidence and to accept or reject conflicting testimony given by witnesses. Even if testimony is uncontradicted, the jury is not required to accept everything or anything a party presents.

*"Dawson v. Fowler,* 384 Pa. Super. 329, [333,] 558 A.2d 565, 567 (1989), *appeal denied,* 523 Pa. 636, 565 A.2d 445 (1989). (citations omitted) A verdict will not be set aside if the verdict bears a reasonable resemblance to the proven charges. . . .

"We have held that seemingly low and unfair jury verdicts are nevertheless adequate when the jurors are presented with conflicting testimony on liability, contributory negligence or degree of injury. *Dawson, supra."* *Gallagher* at 454, 632 A.2d at 1311. (citations omitted)

The Superior Court, in *Gallagher v. Marguglio,* stated that "[i]f an injury is not shown to be a type that is painful, the pain experienced is subjective and the triers of fact are not obliged to believe that every injury causes pain or the pain alleged." *Gallagher* at 455, 632 A.2d at 1311.

Even if the plaintiff was injured, it is possible that the jury could find that the injury was so slight, justifying a refusal to award damages. *Kirby v. Carlisle,* 178 Pa. Super. 389, 392, 116 A.2d 220, 221 (1955). Our law recognizes that there are some injuries that are not compensable, a "rub of life" so to speak.

The Pennsylvania Supreme Court has held that "it is not only a trial court's inherent fundamental and salutary power, but its duty to grant a new trial when it believes the verdict was against the weight of the evidence and resulted in a miscarriage of justice." *Thompson v. City of Philadelphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985). (citations omitted) A new trial should not be granted simply because of conflicts in the testimony. Rather, if the jury's verdict is so contrary to the evidence as to shock one's sense of justice, then the award of a new trial is imperative "so that right may be given another opportunity to prevail." *Burrell v. Philadelphia Electric Company,* 438 Pa. 286, 289, 265 A.2d 516, 518 (1970).

With these considerations in mind, we turn to what transacted at trial.

While fault for the accident was admitted by the defendant, the issue of damages was hotly contested. It was

uncontroverted that following the accident in Allentown, the plaintiff visited with her daughter in Allentown and then returned to her home in Stroudsburg, approximately one hour away by automobile ride. 11/22/99 N.T., pp. 22-23. It was admitted that the plaintiff did not suffer any loss of work as a result of the accident. N.T., pp. 27-28.

The plaintiff also suffered an accident subsequent to this January 16, 1996 accident. On April 12, 1996, plaintiff injured herself at work. That did result in loss of employment. N.T., pp. 15, 33, 40. Additionally, the plaintiff had problems, prior to the accident, with areas of her body that were allegedly injured in the accident.

Although the testimony was somewhat contradictory, it appears that the plaintiff did not alter her activities following this accident. N.T., pp. 34-35.

The only treatment that she received following this automobile accident was at the hands of a chiropractor, which treatment began about six days after the automobile accident. N.T., p. 9. However, following the subsequent work injury, she treated with other healthcare providers.

The chiropractor testified and corroborated the claims of the plaintiff which tended to indicate bothersome, long-term soft tissue injuries as a result of the accident. On the other hand, the defendant offered the testimony of an orthopedic surgeon who testified that he believed an injury was suffered but he classified it as strain that resolved in a matter of a few months.[1]

In summary, there was conflicting testimony about the degree of injuries claimed. The jury was free to disre-

1. The only petition that was presented for transcription was the petition of the plaintiff who sought the notes of testimony for the plaintiff's testimony only. Those notes of testimony have been transcribed and constitute the only portion of the trial to be transcribed.

440

gard all the evidence and to disbelieve the plaintiff that she suffered any injury. By the same token the jury was free to accept the evidence and argument of the defense that only minimal injuries were sustained. If that was the reasoning of the jury, it was at liberty to find that such injuries were not compensable. There is nothing shocking about this verdict. It is not contrary to the weight of the evidence. It is not inadequate as a matter of law. Rather, there is basis in the record for the verdict rendered by the jury.

Under these circumstances, it is necessary that we deny the motion for post-trial relief.

## ORDER

Now, March 8, 2000, for the reasons set forth in the accompanying opinion, and after consideration of plaintiff's motion for post-trial relief, brief in support thereof and the defendant's response to the motion, it is hereby ordered that the plaintiff's motion for post-trial relief is denied.